Julia A. Golden v. James A. Vyse, John Gottsche, Appellants.

**Agency:** ESTOPPEL TO DENY: *Jury question.* Plaintiff denied that she authorized payment of a note to be made to her husband and son. The evidence showed that she was present at the time of payment, and failed to object thereto. The note was not taken up by the maker at the time of the alleged payment, and no reason was given for failure to do so. The only evidence that she knew that payments were being made on her note was identical with that which showed that she expressly authorized it. The jury found that plaintiff was not estopped from denying that the payment was properly made. *Held,* that the verdict would not be disturbed.

**Evidence:** Plaintiff's title to a note on which she sued was not questioned. The note was given for part consideration for the interest of plaintiff and J. her husband, in property sold by

them. A sheriff's deed of other interests in the land, reciting that the judgment under which the sale culminating in such deed was had, was not against defendant J., was offered in evidence and objected to on the ground that it showed J. to have had a remaining interest in the land large enough to serve as a consideration for the note, so that payment to him had discharged it. *Held*, that the deed was admissible.

PAYMENT: *Rebuttal.* Where defendants claimed to have paid the amount of a note in suit to plaintiff's husband and son with her acquiescence, evidence which showed that after the sale by the husband and son of their own and their wives interests in land, which was the consideration of the note, the son delivered the note to his mother, and that she subsequently retained possession thereof, is admissible in rebuttal.

DELIVERY. Where proof of the delivery of a third person's note by an agent to his principal is admissible in evidence, accompanying declarations, tending to characterize such delivery, are also admissible.

*Appeal from Fremont District Court.*—HON. WALTER I. SMITH, Judge.

SATURDAY, OCTOBER 12, 1901.

THIS is an action on a promissory note payable to plaintiff. Defense, payment. There was a jury trial. Verdict and judgment in plaintiff's favor. Defendants appeal.— *Affirmed.*

*R. C. Campbell, Hammond & Stevens,* and *Wm. Eaton* for appellant.

*W. E. Mitchell* for appellee.

WATERMAN, J.—The principal complaint made is that the facts do not support the verdict. It is defendants' contention that plaintiff authorized the payment of this note to her husband and son, and such payment the evidence shows was made. But plaintiff denies that she ever authorized or assented to any such transaction. Further, it is charged by defendants that as plaintiff was present when such payment

was made to her husband and son, and knew of it, and failed to object thereto, because of this she is now estopped from saying that the payment was not properly made.

Plaintiff was present, at least for a time, on this occasion, but the only evidence that she understood what was done is that which tends to show she expressly authorized it, and, if the jury accepted plaintiff's testimony on this point, they were justified in finding that she did not know payments were being made on her note. Besides, weight doubtless was given by the jury (for it was due) to the fact that the note was not taken up by the makers at the time of the alleged payment, and no reason given for the failure so to do. The questions of payment, of the right of the parties receiving the money as agents of plaintiff to take it, of the acquiescence and estoppel of plaintiff, were all left to the jury under proper instructions, and we discover nothing in the record which will justify us in interfering with the verdict.

II. Objection is made to the admission in evidence of a sheriff's deed of real estate, issued on a sale under a judgment against plaintiff's son, W. S. Golden, and others. The deed recites that the judgment under which sale was had was not against James T. Golden, plaintiff's husband, who seems to have been a defendant in the action. The note was given as a part consideration for a deed by W. S. and James T. Golden and wives of their interest in this real estate. The exact interest of James T. Golden is not shown in the record. The objection to the admission of the sheriff's deed is that the jury may have thought, from the fact that James T. Golden's interest was stated not to pass, that he had an interest large enough to serve as a consideration for this note. The inference seems to us farfetched; but, inasmuch as there is no question that the legal title to this note was in plaintiff, this error, if any, would be without prejudice. It could make no difference, in her status here, if the note had been given her.

III. One Crawford testified to the original delivery of the note to plaintiff by W. S. Golden. This was proper evi-

dence in her behalf, for defendants were claiming that her husband and son had authority to act for her in receiving payment. To rebut this she had a right to show the note was thus given into her possesion, which possession she retained. The delivery of the note being a fact admissible in evidence, what was said by W. S. Golden at the time was also properly received. Whenever an act may be shown in evidence, any accompanying declaration of the doer tending to characterize such act may also be proven. *Tubbs v. Garrison,* 68 Iowa, 44; *Stephens v. McCloy,* 36 Iowa, 659.

Some other errors are assigned, which we do not feel called upon to discuss in detail. We have gone carefully through the argument of counsel, and think it sufficient to say no ground is shown which will justify us in interfering with the judgment.—Affirmed.