HARRY SMITH *et al.*

*v.*

WILLIAM L. PATTON, Trustee.

*Opinion filed February 21, 1902.*

1. DEBTOR AND CREDITOR—*voluntary conveyance by insolvent debtor is fraudulent in law.* An insolvent debtor has no right, as against creditors, to make a conveyance to his daughter without consideration, and such a conveyance, hindering and delaying creditors, is fraudulent in law, regardless of the motive which prompted it.

2. SAME—*when conveyance is, in effect, from father to daughter.* If an insolvent debtor has successfully resisted the probate of a will in the county court, and in consideration of his withdrawing his opposition an agreement is made to convey certain property to him, which agreement is carried out, except that by his direction the conveyance is made to his unmarried daughter, such conveyance is to all intents a conveyance from him to his daughter, and, if without consideration from her, is fraudulent as against his creditors.

WRIT OF ERROR to the Circuit Court of Edwards county; the Hon. P. A. PEARCE, Judge, presiding.

H. J. STRAWN, and J. M. CAMPBELL, for plaintiffs in error.

L. W. LOW, Jr., and C. H. PATTON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Edwards county set aside a conveyance from Susan Smith to Nellie Smith, one of the plaintiffs in error, upon a bill filed by the defendant in error, William L. Patton, trustee in bankruptcy of the estate and effects of the plaintiff in error Harry Smith, a bankrupt, and ordered a conveyance by said Nellie Smith of the property in question to said trustee.

No objection is made to the form or provisions of the decree if the conveyance from Susan Smith to Nellie

Smith was fraudulent as to creditors, but it is insisted that the facts did not justify the finding of the court that it was fraudulent. The facts proved were as follows: John Smith, of Albion, Edwards county, died December 23, 1898, leaving Susan Smith, his widow, and Harry Smith, his only son and heir-at-law. He died possessed of real and personal property worth more than $30,000, and left a will by which he gave all of said property, except two houses and lots, to his widow, practically disinheriting his son. The will was presented to the county court of Edwards county, and the son, Harry Smith, contested the probate of it. On a hearing that court refused to admit the will to probate, and Susan Smith perfected an appeal to the circuit court. Harry Smith then made a proposition for a compromise of the contest, which was accepted by Susan Smith, by which she was to retain property, in the aggregate, to the amount of $20,000 and convey the remainder to Harry Smith, and the will was to be admitted to probate. The attorneys for the respective parties commenced the preparation of a written agreement in accordance with the proposition. The provisions that the will should be admitted to probate and that Susan Smith should retain property to the amount of $20,000 were written, but when that part of the agreement relating to the transfer to Harry Smith was reached, some objection was made by him and he withdrew with his attorneys for consultation. When they returned, Harry Smith directed the agreement to be written for a conveyance to his unmarried daughter, Nellie Smith, who was twenty-three years old and resided with him. Susan Smith's attorneys said it was immaterial to them, and the agreement was accordingly written for the conveyance to be made to Nellie Smith. There was a suggestion at the time that Harry Smith had been engaged in unfortunate speculations and that he was in debt. Susan Smith was not present, and her attorneys were willing to provide for the conveyance to any one whom

Harry Smith might direct. He was, in fact, insolvent at the time and indebted on claims which accrued from 1893 to 1899. The agreement contained further provisions that the executors should renounce the right to administer the will, and that Harry Smith should withdraw his objections to the probating of the will and should pay all costs accrued and to accrue. There had been an administration to collect, and he was to pay the administrator's commission and all costs. A stipulation in the proceeding in court was also drawn that the will should be admitted to probate. The agreement was carried out and the conveyance made in pursuance of it.

Harry Smith, being indebted and insolvent, would have had no right, as against the claims of his creditors, to make a conveyance to his daughter, Nellie Smith, without consideration, and such a conveyance, hindering and delaying creditors, would be fraudulent in law, regardless of the motive which prompted it. (*Emerson v. Bemis,* 69 Ill. 537; *Morrill* v. *Kilner,* 113 id. 318; *Phelps* v. *Curts,* 80 id. 109; *Keady* v. *White,* 168 id. 76; 14 Am. & Eng. Ency. of Law,—2d ed.—301.) And the deed executed by Susan Smith to Nellie Smith by the procurement of her father, Harry Smith, was to all intents and purposes a deed from the father to the daughter. (*Bay* v. *Cook,* 31 Ill. 336.) Counsel for plaintiffs in error, however, insist that Harry Smith had a right to withdraw at any time from the contest and surrender his right to dispute the will without accountability to his creditors. It is true that he had a right to withdraw, and it is also true that he had a right to continue the contest, and it was this valuable right which he gave up in consideration of this conveyance, and for no other reason. He had succeeded in defeating the probate of the will in the county court, which was sufficient proof that the claim was at least doubtful and of a nature to afford a good and valuable consideration for the conveyance. His right of contest was considered by Susan Smith a sufficient consideration

for a conveyance of a portion of the property in settlement and compromise of that right.

It is also urged by counsel that Susan Smith had a right to give this property to the daughter, Nellie Smith, and that she did so. Susan Smith was not present when the agreement was drawn for the conveyance to Nellie Smith, and knew nothing about the fact that the conveyance was to be made to her until she was afterward informed by her counsel. She conveyed the property in consideration of the settlement of the contest, and was willing to convey it to Harry Smith or to any one he might direct. The conveyance was neither intended by her as a gift nor was it in the nature of a gift. The effect of the transfer was the same as though Harry Smith had himself conveyed the property, without consideration, to his daughter. They both testified that there was no agreement, expressed or implied, by which he was to receive the property or any part of it from her, and that there was no combination or confederation between them to hinder or delay creditors. The fact that there was no such agreement or combination makes no difference, since the conveyance is pronounced fraudulent in law as against creditors. As between the father and daughter, it was either a gift or she held the property under a resulting trust for him, for the reason that the conveyance was made to her upon a consideration moving wholly from him.

The decree of the circuit court is affirmed.

*Decree affirmed.*