CHARLES A. HOFFMAN

*v.*

THE CHICAGO TITLE AND TRUST COMPANY, Trustee.

*Opinion filed October 25, 1902.*

CREDITORS' BILLS—*when decree setting aside deed as in fraud of bankrupt's creditors is sustained.* A decree setting aside a deed from a third party to the son of a bankrupt and ordering the property to be conveyed to the trustee as part of the bankrupt's estate, is sustained by proof that the deed was made by such third party as part of the consideration demanded by the bankrupt for her signature to a deed to other property which had been sold on execution against the bankrupt and purchased by such third party, who was unable to make a re-sale of the property without getting the bankrupt's signature to the deed therefor.

APPEAL from the Circuit Court of Cook county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

A. L. CURREY, and ABEL L. ALLEN, for appellant.

GREGORY, POPPENHUSEN & McNAB, (CONRAD H. POP-
PENHUSEN, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On the first day of October, 1897, the sheriff of Cook
county, by virtue of a sale made under an execution is-
sued on a judgment against Emeline L. Hoffman, exe-
cuted and delivered to one John W. Houston a sheriff's
deed for certain real estate in the city of Chicago.   The
real estate consisted of three parcels, which for conve-
nience will be referred to as the Randolph street, the
Fifth avenue and the Thirty-seventh street properties.
On April 6, 1898, Houston conveyed the three parcels of
real estate to one Jennie M. Wheeler, wife of one Thomas
M. Wheeler.   On the 10th day of April, 1899, said Jennie
M. Wheeler conveyed the Thirty-seventh street property
and the Fifth avenue property to the appellant, Charles
A. Hoffman, who is a son of said Emeline L. Hoffman.
On the 19th day of October of the same year said Eme-
line L. Hoffman, on her own petition, was declared by
the United States Court for the Northern District of Illi-
nois to be a bankrupt, and the appellee title and trust
company was appointed by said court trustee of the es-
tate and property of said bankrupt.   On the 24th day of
November of the same year the appellee company, as
such trustee, exhibited its bill in chancery in the circuit
court of Cook county for a decree vacating and setting
aside the conveyance made by the said Mrs. Jennie M.
Wheeler to said appellant as having been made in fraud
of the rights of the creditors of the said Emeline L. Hoff-
man, and declaring the real estate described in the deed
to compose a part of the estate of the said bankrupt.
The cause was heard and a decree entered in accordance
with the prayer of the bill, and ordering the appellant
to convey the real estate to the appellee company, as

trustee, for the use and benefit of the creditors of said bankrupt. This is an appeal to reverse the decree of the circuit court.

The principal ground urged for reversal is the contention that it did not appear from the proofs the said Emeline L. Hoffman, the bankrupt, had any estate or interest in the premises in controversy which was appropriable to the claims of her creditors.

The facts disclosed by the testimony were, that Mrs. Wheeler, after receiving the conveyance from Houston for the three pieces of property, found a prospective purchaser for the Randolph street property, but such purchaser questioned the sufficiency of the title of Mrs. Wheeler thereto, and required that a conveyance thereof from Mrs. Emeline L. Hoffman, the bankrupt, should be obtained. An interview with said Emeline L. Hoffman and the appellant, had by one John M. Camelon, as the representative of Mrs. Wheeler and her husband, together with subsequent negotiations between the parties, resulted in an agreement to the effect that Mrs. Wheeler and her husband should convey to appellant the Fifth avenue and the Thirty-seventh street properties and pay the sum of $500, and said Emeline L. Hoffman should convey the Randolph street property to Mrs. Wheeler or the persons to whom she should sell the property. In pursuance of this agreement Mrs. Wheeler and her husband and Emeline L. Hoffman conveyed the Randolph street property to Hanna & Hogg, who accounted to Mrs. Wheeler for the price thereof. Mrs. Wheeler thereupon conveyed, by quit-claim deed, all her interest in the Fifth avenue and the Thirty-seventh street properties to the appellant. The testimony abundantly warranted the conclusion that this conveyance was made to the son of the bankrupt for the fraudulent purpose of placing the property beyond the reach of the creditors of the bankrupt. The testimony of the appellant has some tendency to show that he was a creditor of his mother and that

the conveyance was made to him for that reason, but the contrary is so fully established by other proofs that counsel for the appellant have wholly abandoned the assertion of such claim in their briefs.

The evidence does not disclose with any great clearness the irregularity or defect in the title of Mrs. Wheeler which Hanna & Hogg required should be obviated by the execution of a deed by Mrs. Hoffman. It appeared, however, that they claimed it was essential to a good and perfect title that a conveyance should be had from her. That Mrs. Hoffman and Mrs. Wheeler both acted upon the theory that Mrs. Hoffman had some valuable right and interest in the premises, notwithstanding the sale of the same under the execution against Mrs. Hoffman and the execution of a deed to the premises by the sheriff to the purchaser at the sale, is placed beyond controversy by the fact that negotiations between them and a settlement by them of their respective contentions resulted in the payment by Mrs. Wheeler of $500 to or for the use of Mrs. Hoffman, and the relinquishment by Mrs. Wheeler of any and all claim to the Fifth avenue and the Thirty-seventh street properties. The consideration for the payment by Mrs. Wheeler of that sum of money and for the execution by her of a deed relinquishing her interest in the Fifth avenue and the Thirty-seventh street properties was the deed executed by Mrs. Hoffman releasing to Mrs. Wheeler, or for her benefit, all interest of Mrs. Hoffman in and to the Randolph street property. The substance and result of the transaction between them was, that Mrs. Hoffman became entitled to the interest held by Mrs. Wheeler in the Fifth avenue and the Thirty-seventh street properties. Had such interest been conveyed to Mrs. Hoffman it would have passed, under her voluntary petition to become a bankrupt, to the appellee title and trust company as trustee in bankruptcy, for the benefit of her creditors. The substitution of the appellant as the grantee in the deed of Mrs. Wheeler was for

the fraudulent purpose of placing the title thereby conveyed beyond the reach of the creditors of Mrs. Hoffman. The deed executed by Mrs. Wheeler to the appellant was to all intents and purposes a deed from Mrs. Hoffman to him. The consideration for this deed was the relinquishment of what both Mrs. Hoffman and Mrs. Wheeler regarded as a valuable right or interest remaining in Mrs. Hoffman in the Randolph street property. The consideration was a good and valuable one, and the diversion by the conveyance to the appellant of the property received as the consideration for the relinquishment of such rights was a fraud upon the creditors of Mrs. Hoffman. This principle was present and was applied in *Smith* v. *Patton*, 194 Ill. 638. The bill contained no allegation that Mrs. Wheeler's title to the premises in question was not good and sufficient, nor is it indispensable it should contain such an allegation. It was sufficient that it should be averred (as it was in the bill) that Mrs. Wheeler held a deed purporting to convey title to her; that she was the apparent owner of the property; that the validity of her title was in dispute; that she could not effect a sale of the property without procuring a quit-claim deed from Mrs. Hoffman, and that Mrs. Hoffman demanded and received a consideration for the execution of a deed and the relinquishment of such real or apparent interest as she had in the property.

There was no error in admitting proof of statements made by Mr. Currey. We find in the record ample proof that Currey was the recognized attorney and agent of both Mrs. Hoffman and the appellant. The statements so admitted were made while said attorney and agent was engaged in conducting the affairs of his principals, related to a transaction then depending and were of the *res gestæ.*

There is no error in the record and no merit in the defense to the granting of the relief given by the decree. The decree is affirmed.                    *Decree affirmed.*