JOHN W. GREER et al., as Partners, etc., Appellees, v.
THE DAVIS MERCANTILE COMPANY, Appellant.

No. 17,477.

SYLLABUS BY THE COURT.

1. CONTRACT—Sale—Bailment—Delivery—Evidence. Two par-
ties have a conversation resulting in the delivery of personal
property from one, the owner thereof, to the other. One, the
owner, testifies to such language used as would constitute a
sale; the other denies this and testifies to language that would
constitute a bailment only. Held, that the evidence of other
witnesses of acts done and statements made by the latter
soon after he acquired and while he was in possession of the
property, no change of circumstances affecting his interests
having occurred, are admissible as a part of the res gestæ, as
characterizing his possession and corroborating his testimony.

2. PRACTICE—Prejudicial Error—Motion for New Trial. Where
rulings of a trial court, sustaining objections to questions
asked, result in excluding testimony, it is not sufficient to
justify a reversal that it be made to appear that the rulings
are erroneous, but it must also appear that the error is prej-
udicial. For this purpose a motion for a new trial must be
filed and the proposed evidence produced as provided in section
307 of the civil code.

Appeal from Shawnee district court. Opinion filed
March 9, 1912. Affirmed.

Edwin D. McKeever, Lee Monroe, and W. S. Roark,
for the appellant.

J. B. Larimer, and Charles F. Spencer, for the ap-
pellees.

The opinion of the court was delivered by

SMITH, J.: The appellant company through a broker
in Kansas City ordered a carload, consisting of 850
cases, of standard tomatoes from the appellees, a co-
partnership doing business at Marshfield, Mo. The
shipment was made and reached Topeka in bad condi-
tion; a large percentage of the cans were rusty, swelled
or leaking and therefore unmerchantable. The appel-

lant promptly rejected the car and notified the brokers,. who in turn notified the appellees. Two members of the firm, Messrs. Greer and McKnight, came to Topeka and with a member of the appellant firm examined the goods, and it was agreed that a portion thereof was in bad condition and that a portion thereof was in fair condition. The appellees procured the release of the car and began an assortment of the goods. Finding the job tedious Greer and McKnight turned the job of assorting the goods over to Rossetter, the receiving clerk of the appellant, or to the appellant, and returned to Missouri before the assorting was completed. Before leaving Topeka they had a conversation with Mr. W. H. Davis, a member and officer of the appellant company. Pursuant to this conversation the tomatoes were assorted and the merchantable and unmerchantable ones. were removed from the car and placed in appellant's warehouse. A few days thereafter the warehouse was burned and the tomatoes, with the other contents thereof, were destroyed. Some time elapsed before a demand was made by the appellees for payment for the portion reported to be reasonably merchantable. Upon such demand being made, the appellant refused payment. The appellees claimed that the merchantable portion of the goods was sold to the appellant and the appellant claimed that they were only stored subject to the order or further disposition of the appellees.

This action was brought by the appellees to recover,. on the alleged oral agreement, the original contract price of the goods found to be merchantable. The appellant denies liability. On the trial to the court without a jury Greer and McKnight testified to the conversation had between them and Davis before they left Topeka, which, if true as related by them, would constitute a sale of the merchantable goods to the appellant. Mr. Davis, on the other hand, testified concerning the same conversation, and according to his version thereof no sale resulted, but the appellant was to store the

goods as bailee subject to the further disposition thereof by the appellees.

Delivery is essential to complete a sale of personal property, and until completed by a delivery of the goods the conversation could at most have amounted only to a contract of sale. Until it was ascertained what was embraced in the contract there could be no completed sale even if it be said that the entire carload was delivered to the appellant to determine what portion thereof it would buy. Up to the time of the completion of the contract to sell into a purchase and sale, the transaction was a continuing one, and what was said and done by a party thereto during such time was a part of the *res gestæ*. In support of the claim that the goods were received only as a bailment, the appellant produced other witnesses and propounded questions to them to elicit evidence of the directions claimed to have been given by Mr. Davis to the men handling the goods and of statements he made to others soon after Greer and McKnight left Topeka; also, that he had directed that none of the goods be sold, and that they were marked so as to distinguish them from other goods in the warehouse. It is claimed that this is a part of the *res gestæ*, explaining the possession of the appellant and corroborative of the testimony of Mr. Davis. Objections were made to all questions of this class, the objections were sustained, and the evidence excluded. This presents the only question as to whether there was error in this case. Another question will be discussed, as to whether the ruling, if erroneous, has been properly preserved for the consideration of this court. The evidence was admissible as a part of the *res gestæ* and as characterizing the possession of the appellant which it then had. (*The State v. Gurnee,* 14 Kan. 111; *Stone v. Bird,* 16 Kan. 488; *Reiley v. Haynes,* 38 Kan. 259, 16 Pac. 440; *Hubbard v. Cheney,* 76 Kan. 222, 91 Pac. 793; *Cooper v. Bower,* 78 Kan. 156, 96 Pac. 59.)

It is, however, suggested that if there was error in the

exclusion of evidence, no opportunity was presented to the district court to correct its ruling and no appeal lies therefrom until such rulings have been challenged in the district court by a motion for a new trial. The second ground for a new trial (Civ. Code, § 305) is: "Erroneous rulings or instructions of the court." Section 307 provides the procedure when the ground is exclusion of evidence. That this procedure has not been complied with is confessed by an application to comply with the requirement here. This is not permissible. We can not here try the case *de novo*. In accordance with the letter and spirit of the code, this court has uniformly held that alleged errors which are grounds for a new trial in the district court must be therein presented in a motion for a new trial before they will be considered here.

The omission is fatal to the appellant and the judgment is affirmed.