FIRST NAT. BANK OF FT. WAYNE, IND., v. HOWARD. (No. 5428.)

(Court of Civil Appeals of Texas. San Antonio. March 3, 1915. Rehearing Denied March 24, 1915.)

1. EXECUTION ⚖=194—CLAIM OF THIRD PERSON—SUFFICIENCY OF EVIDENCE.

In the trial of the claim of a third party to personal property levied on as the property of a judgment debtor, evidence *held* to sustain a finding that the claimant had no interest in the property.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 571–574; Dec. Dig. ⚖=194.]

2. EVIDENCE ⚖=594 — WEIGHT AND SUFFICIENCY—UNCONTRADICTED EVIDENCE.

The jury may disregard the testimony of a witness, who has neither been impeached nor contradicted, if they believe his testimony to be untrue from his manner of testifying, prejudice shown toward the opposite party, his interest in the result of the litigation, or other indications that his testimony is not reliable.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431; Dec. Dig. ⚖=594.]

3. EVIDENCE ⚖=273—DECLARATIONS—BAILEE IN POSSESSION.

A bailee's declarations to a sheriff coming to serve an execution, as to who the bailor was, were admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1108–1120; Dec. Dig. ⚖=273.]

4. EXECUTION ⚖=196—CLAIM BY THIRD PERSON — QUESTION FOR JURY — POSSESSION OF CLAIMANT.

In the trial of the claim of a third person to personal property levied on as the property of a judgment debtor, *held* on the evidence that the question whether such third person had possession, or as to who had possession, of the property, was for the jury.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 576; Dec. Dig. ⚖=196.]

5. TRIAL ⚖=194—INSTRUCTIONS—WEIGHT OF EVIDENCE.

A charge that the sale of property by a debtor must be accompanied by an open and visible change of possession to the purchaser was not objectionable as a charge upon the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. ⚖=194.]

6. EXECUTION ⚖=197 — INSTRUCTIONS — CONFLICTING INSTRUCTIONS.

Such charge was not in conflict with a special charge given for the claimant explaining the meaning of delivery and possession and applying the law to the facts.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 577; Dec. Dig. ⚖=197.]

Appeal from Dimmit County Court; J. O. Rouse, Judge.

Action by S. W. Howard against the Hadsell Land Corporation, in which the First National Bank of Ft. Wayne, Indiana, filed a claim to property levied on as the property of defendant. Judgment for plaintiff, and claimant appeals. Affirmed.

L. Old and L. E. Lanier, both of Uvalde, and W. H. Davis, of Crystal City, for appellant. Vandervoort & Johnson, of Carizzo Springs, for appellee.

FLY, C. J. Appellee, having a judgment in the county court of Dimmit county against the Hadsell Land Corporation for $328.40, and a foreclosure of an attachment lien on certain personal property, had an order of sale of such property issued, and the sheriff levied same on such property and proceeded to advertise for sale. Appellant filed its claim to the property, gave the necessary bond, and a trial of the right of property was had in the statutory manner. The cause was tried by jury and resulted in a verdict and judgment in favor of appellee.

The evidence of appellee showed that the Hadsell Land Company was the owner of the personal property levied on by appellee. There was on record a bill of sale from the Dimmit Hardware Company to the Hadsell Land Company, showing that the property was conveyed by the former to the latter. This was of date March 3, 1914. That bill of sale was the only documentary evidence of title to the property, and it is admitted that it vested title in the property in the Hadsell Land Company.

[1] C. E. Hadsell testified that he lived in Ft. Wayne, Ind., and was president of the Hadsell Land Company; that in the latter part of February, 1914, he borrowed $3,500, for the land company, from appellant and agreed to deliver to it the property in question as security for the debt. He used the money, or a portion thereof, in settling an execution against the property. He further testified that he came from Indiana to Texas, got the bill of sale, which was recorded, and then placed the property in the house of J. L. McCaleb for appellant; that this was on March 3, 1914. He paid for moving the property and for two months' storage. Nothing else was given to secure the $3,500 borrowed money except the property in controversy, which was appraised by the sheriff at $420. The bank was not represented in Texas in connection with the property unless Hadsell represented it, as well as the land company. There is in the record a receipt signed by J. L. McCaleb, reciting that appellant had paid $2 for two months' storage, evidently the money paid by Hadsell. The facts show that appellant did not pay the storage.

No one connected with the appellant ever came to Texas, or testified in the case. No one connected with appellant claimed that the loan was made or had anything to do with the transfer of the property. The land company was in debt. Everything was sworn to and was done by the president of the land company. The whole transaction, as narrat-

ed, was weighted down with improbability. It is inconceivable that a national bank in Indiana would lend money to a land company in Texas, without taking a promissory note or any evidence in writing of the loan, having no security except the word of the president of the land company that he would place personal property, of value of less than one-fourth the amount loaned, in pledge with some person in Texas. The jury evidently rejected the testimony, as they had the right and authority to do. They had the right to conclude that the bank had no connection with or interest in the property. A jury need not believe a witness because he is not contradicted by some other witness. Coats v. Elliott, 23 Tex. 606; Pridgen v. Walker, 40 Tex. 136; Railway v. Runnels, 92 Tex. 305, 47 S. W. 971.

Not only was Hadsell, the only witness as to the transfer to appellant, an interested witness, whose evidence was not supported by the circumstances surrounding the transaction, but he further weakened his testimony by inconsistencies and flat contradictions which would stamp it with suspicion. For instance, in regard to paying Gates for moving and storage, he stated in one part of his testimony:

"I never gave Mr. Gates a check for this $12. Paid him in cash. My memory is clear on this."

Immediately afterwards he stated:

"Yes, it is a fact that even the $12 check that I gave Mr. Gates for moving the property and paying the storage was turned down by the First National Bank of Ft. Wayne, and that payment on the check was refused after I had borrowed $3,500 from them without any further security."

[2] As said by the Supreme Court in the Runnels Case herein cited:

"It is the province of the jury to pass upon the credibility of the witnesses, and they may disregard the testimony of a witness who has neither been impeached nor contradicted, if they believe his statements to be untrue from his manner of testifying, prejudice exhibited towards the opposite party, or his interest in the result of the litigation, or other things indicating that the evidence is not reliable."

See, also, an opinion by this court delivered through Associate Justice Moursund, in which the authorities are collated. Jones v. Jones, 146 S. W. 265.

[3] J. L. McCaleb was the bailee of the property, and his declarations to the sheriff when he went to serve an execution as to who was the bailor were permissible. He knew who had placed the property in his hands and could testify to that fact. Chamberlayne, Ex. § 2599; Golden v. Vyse, 115 Iowa, 726, 87 N. W. 691; Myer v. Bernstein, 102 Ga. 579, 27 S. E. 681; Hoffman v. Trust Co., 198 Ill. 452, 64 N. E. 1027; Greer v. Mercantile Co., 86 Kan. 686, 121 Pac. 1121.

[4] The third, fourth, and fifth assignments of error are overruled. The only objection urged to the charge therein is that the court should not have submitted the question of burden of proof to the jury. The charge was to the effect that if the jury found that the property was in the possession of appellant the burden of proof was on appellee; but, if the property was not in such possession, then the burden of proof was on the appellant. The question of possession was one of fact that might be found by the jury, and it was proper for the court to submit to the jury the question as to whose possession the property was in. The contested point was as to whether the property was in possession of appellant at time of the levy, and it was not improper to allow the jury to determine that issue. Brown v. Lessing, 70 Tex. 544, 7 S. W. 783. The failure of the court to determine in whose possession the property was found could not have injured appellant. It was agreed by the parties that "the question of possession of said property was the issue involved in this suit." It was one of fact which the court properly submitted to the jury. The evidence did not show that the property was ever in the possession of the appellant.

[5, 6] The court charged the jury that the sale of property by a debtor must be accompanied by a change of possession from the seller to the purchaser, and the change of possession must be open and visible, and that charge is attacked in the sixth assignment of error because it was on the weight of evidence, placed too great a burden on the appellant, and was in conflict with a special charge given at the request of appellant. The assignment is overruled. It was not upon the weight of the evidence, did not increase the burdens of appellant, and was not in conflict with appellant's charge. The latter merely elucidated what was meant by delivery and possession and applied the law to the facts.

The other assignments are without merit and are overruled.

The judgment is affirmed.