**STANDARD LIFE & ACCIDENT INSURANCE COMPANY,**
Appellant,

v.

**Jimmie Dell TUBBS,**
Appellee.

No. 4354.

Court of Civil Appeals of Texas.

Waco.

March 25, 1965.

Baker, Botts, Shepherd & Coates, George H. Kolb, Houston, for appellant.

John W. Mitchell, Houston, for appellee.

TIREY, Justice.

This is an appeal from a summary judgment wherein Miss Tubbs sued on a limited health and accident policy for $540 disability benefits, $300 attorney's fees and 10% statutory penalty, wherein she alleged that she was totally disabled from November 3, 1962 to February 21, 1963 because of neck and low back injuries sustained in an automobile accident. The appellant denied that appellee sustained total disability but the County Court granted a summary judgment for appellee in which it held her to be totally disabled as a matter of law and awarded to her the sum of $540 disability benefits and fixed $300 attorney's fees and $64.80 statutory penalty. The appellant seeks an order of reversal and remand for

jury trial on the merits. Error is assigned on three points. They are substantially:

(1) That the Court abused its discretion in overruling appellant's motion for continuance on summary judgment;

(2) In entering summary judgment for appellee since the record did not conclusively show appellee to be totally disabled within the meaning of the policy during the period in question;

(3) In awarding $300 attorney's fees to appellee since the record did not conclusively show that amount to be reasonable under the circumstances.

We sustain points 1 and 2 for reasons hereinafter briefly stated.

Plaintiff's original petition was filed in the County Court on January 3, 1964. Pertinent to this discussion she alleged that she was injured in an automobile accident on November 3, 1962 in the town of Brookshire, and that as a result she was totally disabled from performing every duty in connection with her work within the meaning of part two of the policy through February 21, 1963, and that by reason thereof defendant became obligated to pay her the sum of $540. The policy in suit had the following provision:

"PHYSICAL EXAMINATIONS AND AUTOPSY: The Company at its own expense shall have the right and opportunity to examine the person of the insured when and as often as it may reasonably require during the pendency of a claim hereunder and to make an autopsy in case of death where it is not forbidden by law."

Pursuant to the provisions of the policy the appellant requested Miss Tubbs by letter dated August 6, 1964 to undergo a physical examination in the office of Dr. T. O. Moore in the Herman Professional Building in Houston on August 10, 1964. She failed to appear for such examination. Thereafter on or about August 18, 1964 the appellant filed motion with the Court to require Miss Tubbs to submit to a physical examination in Dr. Moore's office in Houston at 10:30 A.M., on September 2, 1964. The motion was opposed by appellee on the ground that she was too ill to travel to Houston and the court overruled the motion. It appears that the only doctor in Brookshire where the appellee resides is the one who is treating her and he had signed an affidavit as to her injuries. It was for that reason Standard Life made arrangements for Dr. Moore to travel to Brookshire to examine Miss Tubbs at her residence. On September 15, 1964 Mr. Mitchell, attorney for appellee, was advised that Dr. Moore would be at appellee's residence in Brookshire at 10:30 A.M., September 26, 1964 to perform a physical examination on her. (the cause was tried on September 29, 1964 and judgment was rendered on that date). On the prescribed date Dr. Moore arrived at her residence in Brookshire to perform such examination but her attorney refused to allow the examination to take place. The Court was sufficiently advised of such refusal during the hearing on appellant's motion for continuance. It appears to be the appellee's position that since Miss Tubbs allegedly re-injured her neck and low back on May 15, 1963 no doctor could examine her in August or September of 1964 and determine whether she was disabled in the latter part of 1962 or the early part of 1963. There are no contingencies in the clause that sustain appellee's position. In this connection we think we should state that no proof of loss (claim) was made on the November 3rd accident until May 10, 1963, thus making the examination prior to May 15th accident impossible. The record shows that appellee's motion for summary judgment was not filed until September 14, 1964. Attached to this motion was the affidavit of John W. Mitchell, Attorney for appellee, also affidavits of Wendell S. Loomis, Jimmie Dell Tubbs, A. O. Muske, Marianne Skrivanek, Dr. Louis A. Ensenat, Lucius S. Tubbs, and Dr. J. J. Hopkins. The appellant's attorney promptly filed two separate

affidavits advising the court that opposing affidavits and depositions were not presently available and requested additional time to obtain them. In one of the affidavits appellant advised the court that appellee's brother, Lucius S. Tubbs, had given his deposition in another suit which appellee had pending against the Standard Life, and had testified that she was able to perform substantially all her duties in the latter part of November 1962. A copy of his deposition was attached to the affidavit so filed. On the basis of this affidavit appellant asked that additional time be allowed to take the deposition of Lucius Tubbs in this suit. The other affidavit called the court's attention to the clause in the policy being sued on which bound appellee to be examined by a doctor of the company's choice during the pendency of the claim. This affidavit also advised the court that Miss Tubbs had refused to submit to such physical examination on several occasions and therefore controverting medical affidavits were not available. Appellant asked that the hearing be postponed until Miss Tubbs had submitted herself to a physical examination. The court overruled both motions and granted summary judgment for appellee in the amounts heretofore stated.

It is well settled that provisions in insurance policies requiring the insured to submit to physical examinations are valid. See 163 A.L.R., 926 to 931 inclusive. The provision quoted was a contractual obligation and was necessarily binding upon Miss Tubbs and she was legally bound on appellant's request to submit to a physical examination by a physician of appellant's choice before she could force appellant to trial under the record here made. It is without dispute that several attempts and demands were made to obtain a physical examination prior to the filing of the motion for summary judgment. Those demands were arbitrarily refused and the County Court refused to assist the appellant in obtaining the examination. After motion for summary judgment was filed additional attempts and demands were made to obtain a physical examination and these were again arbitrarily refused. The refusal of the appellee on the advice of her attorney to permit herself to be examined by a doctor of appellant's choice casts suspicion on the contents of her affidavit, as well as that of her attorney. The question arises: What more could be done by Standard Life in the exercise of ordinary diligence? The answer is obvious. The record before us indicates that the appellee, under her attorney's advice, arbitrarily refused to submit to a physical examination by a doctor of appellant's choice and, therefore, violated the expressed contractual provisions of the policy. Under the expressed provisions of the policy, and under all the surrounding circumstances here shown by the record, we think appellee and the court were precluded from forcing appellant to trial until appellee had submitted to a physical examination by a physician of appellant's choice. Since appellant caused his physician to go to the residence of appellee to make the physical examination provided for in the policy no valid excuse is offered for the appellee's refusal to abide by her contract and her action in this behalf requires that this cause be reversed and remanded.

We have examined the affidavits accompanying Miss Tubbs' motion for summary judgment very carefully, and in view of the interest of the witnesses, and in view of the circumstances shown in this record, plus the exclusive control which Miss Tubbs had and exercised over the evidence, we are of the view that the credibility of each witness, and the accuracy of the evidentiary facts related by affidavits are questions which only a jury should decide after a thorough cross examination. See 24 Tex. Jur.2d—Evidence, Sec. 713. See also Casualty Reciprocal Exchange v. Parker, 12 S. W.2d 536 (Tex.Com.App.); Schumann v. Brownwood Mut. Life Ass'n, 286 S.W. 200 (Tex.Com.App.); Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447; Montgomery v. Gallas, Tex.Civ.App., 225 S.W. 557 (n. w.

h.); First Nat. Bank of Ft. Wayne, Ind. v. Howard, Tex.Civ.App., 174 S.W. 719, (err. dis.); Sovereign Camp of Woodmen of the World v. Jackson, 138 S.W. 1137 (err. ref.). The affidavits submitted by Miss Tubbs concerning her ability to work did not conclusively establish her total disability, and the conclusion to be drawn from such evidentiary facts as to whether Miss Tubbs was totally disabled is a question of fact for the jury and not a question of law for the court. See Nix v. Davis, Tex.Civ.App., 358 S.W.2d 225. In the foregoing case we find this statement:

> "While the evidentiary facts may be undisputed, there may be conflicting reasonable inference as to the existence of ultimate facts that may be drawn from the evidentiary facts. In such case there are fact issues to be determined."

The Supreme Court in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, made the following pronouncement:

> *"The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits."* (emphasis added).

See also Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345, point (1–3); Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396; Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557, point 3, page 562.

After a careful review of the affidavits, we are of the view that the trial court here undertook to weigh the evidence and determine the credibility of the witnesses, and in so doing he tried the case on the affidavits. In so doing he violated the express rule of our Supreme Court, and for that reason this cause is reversed and remanded for trial on the merits, but not inconsistent with this opinion. Because the cause must be reversed and remanded, Point 3 relating to attorney's fees passes out of the case.