FRIDAY 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-623-CV





JOHNNY AND MARILYN FRIDAY,



 APPELLANTS


vs.





STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY 


AND MIKE ACOSTA,



 APPELLEES



 




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 132,025-B, HONORABLE RICK MORRIS, JUDGE PRESIDING



 




 Johnny and Marilyn Friday appeal from an adverse summary judgment on their
causes of action against State Farm Mutual Automobile Insurance Company and Mike Acosta. 
We will affirm the trial-court judgment.


 


THE CONTROVERSY



 The Fridays purchased automobile liability insurance, including personal-injury
protection, from Mike Acosta, a State Farm agent, on November 22, 1988. On February 3, 1989,
the Fridays were injured in an automobile accident. Thereafter, the Fridays made demand for
payment under the policy. On March 8, 1989, State Farm, through its agent Medical Claim
Services, Inc. (MCS), requested that the Fridays submit to an independent medical examination. 
The Fridays, through their attorney, refused to submit to the examination. They argued that
submission to an independent medical examination was not a condition precedent to receiving
payment under the policy and that State Farm's failure to pay constituted a breach of contract. 
State Farm refused to pay the claim on the ground that the Fridays had themselves breached the
contract when they refused to submit to the examination, as the policy required. 

 The Fridays filed the present suit claiming fraud, deceptive trade practices, unfair
claims-settlement practices, and breach of contract. Defendants State Farm and Mike Acosta filed
a motion for summary judgment, which the trial court granted. In our discussion, we will refer
only to State Farm and the Fridays.



I


 In their fourth point of error, the Fridays contend the trial court erred in granting
State Farm's motion for summary judgment because the summary-judgment record fails to
conclusively establish that the Fridays breached a duty to undergo an independent medical
examination. 

 The Fridays give three reasons why the summary-judgment record is insufficient. 
First, they maintain the written requirement of attending an examination was not located in the
proper place in the contract. The duty to attend an examination as a condition precedent to
receiving benefits under the policy appeared only in the "General Duties" portion of the policy
and did not appear in the "Personal Injury Protection" portion of the contract. Second, the
telephone call and follow-up letter requesting that the Fridays attend a medical examination neither
specifically named a physician to conduct the examination nor mentioned who would pay for the
examination and the Fridays contend this omission resulted in improper notice. Finally, the
Fridays argue that State Farm relied on parol evidence to change the terms of the contract.

 When presenting a motion for summary judgment the burden of proof is on the
movant. All doubts as to the existence of a material fact are resolved against the movant. Loomis
v. Republic Nat'l Bank, 653 S.W.2d 75 (Tex. App.--Dallas 1983, writ ref'd n.r.e.). Once the
movant has established a right to summary judgment, the burden shifts to the nonmovant to
present evidence raising fact issues that would preclude summary judgment. City of Houston v.
Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979). The defendant-movant may
prevail by either (1) disproving at least one essential element of each of the plaintiff's theories of
recovery, Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970); or (2) raising and
conclusively establishing each essential element of an affirmative defense, thereby rebutting the
plaintiff's cause of action. City of Houston, 589 S.W.2d at 679.

 The record includes a sworn copy of the insurance policy, attached as an exhibit
to an affidavit in State Farm's amended motion for summary judgment. Part B2 of the policy
contains the "Personal Injury Protection" provisions, while part E contains the "Duties of the
Insured After an Accident or Loss" provisions. The general duties portion, under section E,
includes a requirement that the insured must, when invoking coverage under the policy, "[s]ubmit,
as often as we [State Farm] reasonably require, to physical exams by physicians we select. We
will pay for these exams." It is irrelevant at what place in the policy this clause appeared. It is
one of the general duties of the insured, set forth in the "General Duties" section of the policy. 
This section applies by its terms whenever a claim of any type is made. Such provisions are valid. 
See Standard Life & Accident Ins. Co. v. Tubbs, 389 S.W.2d 338 (Tex. Civ. App.--Waco 1965
no writ). This section does not operate as a condition precedent, so as to preclude any payment
on the claim before an examination is conducted. The insurer has the right to invoke this
provision at any time after a claim is made, regardless of whether the insurer has partially paid
the claim. See 13A George J. Couch, Cyclopedia of Insurance Law § 49A: 357 (2d ed. 1982). 
Once the insurer invokes the provision, however, it is the insured's duty to comply.

 The summary-judgment record shows without dispute that State Farm invoked the
provision and that the Fridays refused to comply. In response to State Farm's request for a
medical examination, the Fridays' attorney stated, "[M]y clients will not submit to examination
by any of your independent medical examiners." Failure to comply with this term of the contract
constituted a breach by the insured; therefore, the Fridays are prohibited from recovering under
the policy. Tubbs, 389 S.W.2d at 340; Id. § 49A: 354.

 The Fridays argue that State Farm's request for medical examinations did not
designate a physician to perform the examination and did not offer to pay for the examination. 
This argument is without merit. Under the policy provision, the choice of a physician was State
Farm's. MCS was designated as the entity to whom the Fridays should report. The policy itself
stated that State Farm would pay for the examination. 

 The Fridays argue that State Farm relied upon parol evidence, in the form of an
affidavit by Clair Nicholson, a claims superintendent for State Farm, to alter the terms of the
contract. As will be discussed under point of error two, objections to affidavits must be made
initially in the trial court or any defect is waived. Tex. R. Civ. P. 166-A(f); Loomis, 653 S.W.2d
at 78-79 (Tex. App.--Dallas 1983, writ ref'd n.r.e.). The Fridays did not object to this affidavit
in the trial court; therefore, they waived the complaint.

 In summary, the parties agree there was a contract. The Fridays' violation of their
duty to attend the examination constituted a material breach. By establishing this breach, State
Farm negated, as a matter of law, an essential element of the Fridays' cause of action for breach
of contract. 

 The Fridays alleged that State Farm violated sections 17.46(b)(12) and 17.50(a)(3)
of the Deceptive Trade Practices - Consumer Protection Act and article 21.21 of the Texas
Insurance Code. Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 & Supp. 1993)
("DTPA"); Tex. Ins. Code Ann. art. 21.21 (West 1981 & Supp. 1993). The two sections of the
DTPA that the Fridays seek to apply cover actions involving false representations and
unconscionable conduct, respectively. Article 21.21 of the Insurance Code deals with unfair
competition and unfair practices. 

 The Fridays argue that State Farm misrepresented the provisions of the policy in
violation of the DTPA and article the Insurance Code because the policy did not include personal-injury protection, although State Farm represented that it did. This argument is without merit. 
The policy expressly included personal-injury protection. The Fridays' argument that State
Farm's actions were unconscionable is also without merit. State Farm's refusal of payment under
the policy was a justifiable response to the Fridays' breach of the contract. 

 The Fridays also contend State Farm violated section 17.50(a)(4) of the DTPA. 
Tex. Bus. & Com. Code. Ann. § 17.50(a)(4) (West 1984 & Supp. 1993). This section provides
not a basis for a claim but remedy. 

 Finally, there is no showing in the summary-judgment record that State Farm acted
fraudulently in its dealings with the Fridays. Having defeated an essential element of each of the
causes of action alleged by the Fridays, State Farm was entitled to summary judgment as a matter
of law. We overrule the Fridays' fourth point of error.



II


 In their second point of error, the Fridays claim that defects in State Farm's
affidavits precluded summary judgment. The only defects that can be evaluated at the appellate
level are those objected to in the trial court. Tex. R. Civ. P. 166-A(f); Loomis, 653 S.W.2d at
78-79. The Fridays complain of the affidavit of Clair Nicholson on the grounds that it was
conclusory. This objection was not raised in the trial court and is waived. 

 The Fridays also contend that the affidavit of Renee Pelczar, a registered nurse in
the employ of MCS, contains conclusory statements and hearsay. They did not object to
conclusory statements in this affidavit in the trial court and, therefore, the complaint is waived
on appeal. The Fridays however, did object to hearsay. Affidavits must state facts admissible
at trial and may not include hearsay. Fidelity & Cas. Co. v. Berts Bros., 744 S.W.2d 219, 224
(Tex. App.--Houston [1st Dist.] 1987, writ denied). Pelczar's affidavit is merely a restatement of
what appears in the exhibits attached to her affidavit. The exhibits, although constituting hearsay,
are within the business records exception. See Tex. R. Civ. Evid. 803(6). Business records are
admissible if they are kept in the regular course of business and made at or near time of event by
a person with knowledge. Id. All these elements must be shown by the testimony of the
custodian or other qualified witness, or by affidavit that complies with Tex. R. Civ. Evid.
902(10). Pelczar's affidavit meets the requirements of rule 902(10). In her affidavit, she states
that the letters (exhibits) "were kept in the regular course of business, and it was the regular
course of business of MCS for an employee or representative of MCS with knowledge of the act,
event, condition, opinion, or diagnosis, recorded to make the record or to transmit information
thereof to be included in such record; and it was made at or near the time or reasonably soon
thereafter." See Tex. R. Civ. Evid. 902(10). Pelczar also states in her affidavit that the exhibits
attached to her affidavit are the originals or exact duplicates of the originals as required by rule
902(10). The inclusion of hearsay does not alter the legal effect of the affidavit so far as rule
902(10) is concerned. What is important is that this affidavit meets the qualifications of 902(10),
thereby making the exhibits proper summary-judgment evidence under rule 803(6) of the Texas
Rules of Civil Evidence. 

 The Fridays also claim Stephen Hensley's affidavit contains hearsay, rendering it
defective. The Fridays did not raise this objection to Hensley's affidavit in the trial court and it
is waived. Tex. R. Civ. P. 166-A(f); Loomis, 653 S.W.2d at 78-79. We overrule the Fridays'
second point of error.

III


 In their third point of error, the Fridays assert that State Farm's counterclaim for
$732.50, which allegedly constituted amounts State Farm paid under the policy, conclusively
established that the precondition (attending a medical examination) had been satisfied or had raised
factual issues as to the performance of the precondition. The payment is shown only in State
Farm's original answer and counterclaim. While pleadings do not constitute summary-judgment
proof, facts alleged in a pleading may constitute judicial admissions. Houston First Am. Sav. v.
Musick, 650 S.W.2d 764 (Tex. 1983). "Assertions of fact, not plead in the alternative, in the live
pleadings of a party are regarded as formal judicial admissions. Any fact admitted is conclusively
established in the case without the introduction of the pleadings or presentation of other evidence." 
Id. (citing Kirk v. Head, 152 S.W.2d 726 (Tex. 1941)). State Farm has thus admitted paying
$732.50 to the Fridays. This admission does not, however, entitle the Fridays to a reversal of the
summary judgment, because it admits only the payment of the $732.50; it does not admit that
State Farm relinquished its contractual right to require a physical examination as often as it may
reasonably request. The counterclaim was to recover amounts paid to the Fridays before they
breached the contract by refusing to attend an examination. State Farm has a right to pursue this
remedy. See, e.g., Howell v. Kelly, 534 S.W.2d 737, 739 (Tex. Civ. App.--Houston [1st Dist.]
1976, no writ). We overrule the Fridays' third point of error.

IV 


 The Fridays' first point of error, a general point claiming that the evidence did not
support summary judgment, is overruled, this Court having found no error in the trial court's
judgment.

 The judgment of the trial court is affirmed.



 

 John Powers, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: July 7, 1993

[Do Not Publish]