## WILLIAM W. DAWLEY v. HOYT H. WHEELER.

*Bills and Notes.    Statute of Limitations.*

A promissory note payable " five months from date," but bearing the written consent of the makers that the payee may collect at any time " by discounting a proportional amount of interest that shall have been paid in advance", may be sued, and the Statute of Limitations begins to run thereon, at once, without demand and without tender of such " proportional amount."

GENERAL ASSUMPSIT, with a count on a promissory note for $2,000 payable five months from date to the West River National Bank, or bearer, dated June 1, 1872, and alleged to have been executed and delivered by the defendant and Charles D. Reed, on the day of its date, and to have been afterwards indorsed and delivered to the plaintiff.   The writ was dated and signed October

30, 1878. The first plea was the general issue ; the second, *non accrevit infra sex annos ;* the third, after setting out the note upon oyer, as stated in the opinion of the court, alleged that the note was made more than six years before the commencement of the suit, to wit, on June 3, 1872 ; and the fourth alleged that it was made and delivered more than six years before, &c., to wit, on June 5, 1872, and held by the payee for five months, whereby cause of action accrued more than six years before, &c., and, in effect, that the note included usury. The plaintiff joined issue on the first and second pleas, and demurred to the third and fourth. At the May Term, 1879, the court, BARRETT, J., presiding, over-ruled the demurrer, *pro forma*, adjudged the third and fourth · pleas sufficient, and rendered judgment for the defendant ; to which the plaintiff excepted.

*Walker & Goddard*, for the plaintiff.

The statute did not begin to run on the date of the note. The intention of the parties was to have a note at five months with grace, and the intention should govern. Obviously neither payee nor makers considered it the duty of the makers to pay until expiration of that time. The statute began to run when it became the duty of the makers to pay. The payee could not have brought a suit within the five months, without demand and an offer to discount a proportionate part of the interest ; and certainly the statute would not begin to run without demand. *Poultney* v. *Wells*, 1 Aik. 180 ; *Hutchinson* v. *Parkhurst*, 1 Aik. 258 ; *Stanton* v. *Stanton*, 37 Vt. 411.

*W. E. Johnson*, for the defendant, contended that the note was in legal effect a promise to pay the amount for which it was discounted, on demand, with interest at the expiration of five months, and that the statute had run, and cited JOHNSON, J., in *Wilcox* v. *Plummer*, 4 Pet. 172 ; WILDE, J., in *Little* v. *Blunt*, 9 Pick. 488 ; *Grafton Bank* v. *Doe*, 19 Vt. 463 ; *Hemp* v. *Gooland*, 4 A. & E. 519 ; *Young* v. *Weston*, 39 Me. 492 ; *Rice* v. *West*, 11 Me. 323 ; PARKE, B., in *Norton* v. *Ellam*, 2 M. & W. 461.

The opinion of the court was delivered by

Ross, J.   This suit was commenced, so far as necessary to stop the running of the Statute of Limitations, October 30, 1878. The note to which the defendant's third and fourth pleas apply, bears date June 1, 1872, and as set forth on oyer in the third plea, reads " Five months from date, for value received, we each as principal jointly and severally promise to pay the West River Bank, or bearer, two thousand dollars, with interest after.   We consent that the bank may collect this note any time, by discounting a proportional amount of interest that shall have been paid in advance."   The question raised by the third plea is, when first could the bank have commenced suit upon the note, for from that time the Statute of Limitations commenced running.   It is claimed by the plaintiff that the bank could not lawfully have commenced a suit for the collection of the note until the expiration of the five months, and that certainly before doing so it must have made a tender of the proportional amount of the interest for the five months ; and have demanded the payment of the note, or in some way notified the makers that it exercised its option to collect the note before the end of the five months.   But we think that the plain purport and evident intention of the last sentence of the note was to give the bank authority to enforce its collection at any time during the five months, and that " by discounting a proportional amount of the interest that shall have been paid in advance ", was meant that a deduction of so much should be made from the face of the note.   This is the ordinary meaning of discount and discounting, especially as used by banks and in banking business.   This clause was evidently inserted to protect the bank against any sudden emergency which might arise in the makers' pecuniary circumstances, whether by an attachment of their property by others, or by their endeavor to put it out of their possession to avoid the collection of the note.   To meet the latter emergency, the provision would be in a measure shorn of its beneficial purpose, if the bank were first required to tender back a proportional amount of the interest received, or give the makers notice that it would thereafter treat the note as payable on demand. That the bank, to collect the note within the five months, had to

exercise an option, did not prevent the statute from commencing to run on its right of action. On all demand paper the payee has an option when he will enforce its collection, and the time for the exercise of such option is by law extended over a period of six years. The time when the makers of the note first had the right to pay it, does not necessarily determine when the statute began to run. Ordinarily the makers of a note have the right to pay it at the same time the payee first has the right to enforce its collection by suit. This is so by the terms of the contract. But there is no legal barrier to the parties so framing the contract that the payee may have the right to enforce its collection by suit, if he chooses, before the makers have the legal right to tender payment, or to take up and extinguish the note.

In the case at bar, doubtless the makers would have the right to pay or tender payment within the five months, as soon as the bank elected to enforce collection within that period. Possibly they would have the right to tender payment of the note at its face at any time within the five months. How this may be is not material in this case. It is the time when the bank first had the right to enforce collection by suit which determines when the Statute of Limitations commenced to run, which we hold was when the note was delivered. The construction thus placed on the language of the note renders the defendant's third plea good, and also his fourth plea, without considering the further question attempted to be raised by the latter.

*Judgment affirmed.*