## L. D. HOWARD ET AL. v. L. SCHWARTZ & Co.

### Decided January 27, 1900.

1. **Charge of Court.**
   The court properly refuses to charge upon an issue not raised by the evidence.

2. **Application of Payments—Mortgage Debt.**
   Where a debtor, owing his creditor upon a crop mortgage and also on open account, makes payments with money derived principally if not entirely from the mortgaged property, but without directing the application of the payments, the creditor is denied the right to apply the payments to the unsecured debts without the debtor's assent.

APPEAL from the County Court of Waller. Tried below before Hon. R. E. HANNAY.

*Lipscomb & Styles,* and *W. J. Poole,* for appellants.

*A. J. & J. D. Harvey,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellees against appellant Howard to recover on an account for $771, and to foreclose a mortgage on crop described in the petition for $300 of such alleged indebtedness. Appellant Kellar was made a party under allegation charging him with conversion of a part of the mortgaged property. Howard answered and pleaded payment and satisfaction of the mortgage

indebtedness, and in reconvention for damages for wrongful sequestration of his crop by appellee. Kellar answered by general denial. A trial of the case in the lower court resulted in a verdict and judgment in favor of the appellees against Howard for the sum of $463.40, and a foreclosure of the mortgage, against Kellar, for $308.02, value of the mortgaged property found by the jury to have been converted by him, and against the sureties on Howard's replevy bond for the sum of $56.50.. From this judgment the defendants Howard and Kellar prosecute this appeal.

Appellees in due time before the submission of this cause filed a motion to strike out appellant's assignments of error, which motion, having been considered by us with the case, should be and is sustained as to all of the assignments except numbers 10 and 11. These two assignments, with the propositions and statements thereunder, point out the errors complained of with sufficient certainty to require our consideration. The charge asked by the appellants and refused by the court as set out in the tenth assignment is a correct statement of the law, but the issue therein presented was not raised by the evidence in the case, and the court did not err in refusing to instruct the jury upon that issue.

Appellant's eleventh assignment complains of the refusal of the trial court to give the following instruction to the jury, viz.: "In this case, gentlemen, you are charged that when a debtor owes a secured and unsecured debt to a creditor, and payments are made by the debtor without any agreement as to how the application of the payments should be made, the proceeds of the mortgaged property should be applied to the mortgaged debt, in preference to the unsecured debt." The evidence in this case is uncontradicted that prior to the institution of this suit the appellant Howard made payments to appellees in excess of the amount secured by the mortgage, and that a portion and probably the entire amount of said payments were made either by delivery of a part of the mortgaged crop or from the proceeds of sale of same.

Appellees testify that appellant Howard did not direct any application of such payments at the time same were made, and nothing was said by him as to how they should be applied until after this suit was brought, and that they, appellees, applied such payments at the time they were made to the unsecured portion of said indebtedness.

There has been much discussion of the question of the proper application of payments, in cases in which the debtor fails to make the application, and there is a conflict of authorities as to what the rights of the creditor are in such cases. The general rule as to the application of payments is that the debtor at the time of payment may apply it to such portion of his indebtedness as he pleases. If he fails, however, to make the application the creditor can, with some exceptions, apply it as he may elect. If both fail, it will be applied by the law in accordance with the justice and equity of the case. The creditor can not make such

application as would, under the circumstances, be inequitable and unjust to the debtor, and he can not make the application to the wrong or injury of the debtor. Stanley v. Westrop, 16 Texas, 200; Phipps v. Willis Bros., 11 Texas Civ. App., 186; 2 Greenl. Ev., 531, 531a.

To allow appellees in this case, without the consent of appellant Howard, to apply the proceeds of the sale of the mortgaged property to the payment of an indebtedness not secured by the mortgage, would be to extend and enlarge the mortgage contract to the wrong and injury of appellant, and the intention or consent of Howard to make such application can not be presumed from the facts of this case. We find no authority in our State in which the point involved in this case has been directly passed upon, but the Supreme Courts of Alabama and Arkansas, in cases involving the exact question, hold that the proceeds of sale of mortgaged property can not be applied to the payment of a debt not covered by the mortgage, without the consent of the debtor. The general rule is thus stated by the Alabama court in the case of Taylor v. Cockrell, 80 Alabama, 236: "While a creditor has the right to apply a general payment, the debtor having made no specific application, the law, in the absence of an agreement to the contrary, applies a payment realized from a particular fund in relief of such fund. On this principle a mortgagee, in the absence of an agreement with the mortgagor, is bound to apply moneys realized from the sales of property covered by the mortgage to the mortgage debt." The same rule is laid down in the cases of Strickland v. Hardie, 82 Alabama, 412, and Caldwell v. Hall, 49 Arkansas, 508.

In all of these cases, the mortgage was upon crops, and the creditor, without the consent of the debtor, had sought to apply proceeds of sale of part of the mortgaged crop to the payment of an indebtedness not secured by the mortgage. We think the rule that such application can not be made without the consent of the debtor is founded in justice and equity and should be followed by our courts. The trial court in this case should have submitted the instruction requested by appellants on this issue, and if the facts show that an amount sufficient to satisfy the mortgage indebtedness was paid appellees by appellant Howard out of the proceeds of the sale of the mortgaged crop before the institution of this suit, such payment must be applied to the mortgage indebtedness, and such indebtedness being thereby extinguished, the mortgage was satisfied, and appellees have no cause of action against appellant Kellar, and their writ of sequestration was wrongfully sued out. It is not clear from the evidence in the record that all of said payments were made from the proceeds of the mortgaged property, otherwise we would reverse and render the proper judgment in this cause. For the failure of the trial court to give the requested charge, its judgment is reversed and the cause remanded.

*Reversed and remanded.*