## ALLEN v. BONNER. (No. 6565.)

(Court of Civil Appeals of Texas. Austin. March 28, 1923. Rehearing Denied May 2, 1923.)

**1. Landlord and tenant ⬡⟿330(1)—Sublessee held to have no right to direct application of cotton raised by him on rented land where landlord had a right to the first cotton gathered.**

A landlord was to receive 50 bales of the first cotton gathered, and the tenant, with consent, subleased part of the land, taking from the sublessee a note secured by a mortgage on mules, which note and rental contracts were assigned to the landlord. The sublessee delivered 6 bales and 275 pounds of cotton and directed that they be applied on the note. Five bales were necessary to make up the 50 bales to be paid the landlord. In action on the note and to foreclose the mortgage, held, that the 5 bales necessary to complete the landlord's 50 were not subject to being applied to payment of the note as directed by sublessee, since he did not own them, but the sixth bale and 275 pounds should have been applied the debt secured according to the request.

**2. Landlord and tenant ⬡⟿326(2)—Contract providing for delivery to landlord of first cotton raised makes landlord owner of cotton when severed from soil.**

A contract which provides for the delivery to a landlord of the first 50 bales gathered on his premises at a certain place and at a certain date each year is not only one for payment of rentals, giving the landlord a statutory lien for his rents, but he becomes the owner thereof as soon as the cotton is severed from the soil.

**3. Landlord and tenant ⬡⟿330(1)—Subtenant held liable on rental contract of tenant.**

Where a contract between landlord and tenant provided that the landlord should receive the first 50 bales of cotton gathered on the premises, a subtenant who leases from the tenant became liable to the landlord on the contract, since a sublessee or a subtenant is liable to the landlord on an express contract of the original lessee, from whom he rented, for the payment of rents, even though he was ignorant of the terms of the express contract, or even though he did not know of its existence.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by Lee Allen against Charlie Bonner. From judgment for defendant, plaintiff appeals. Reversed and remanded, with instructions.

Cecil R. Glass, of Marlin, for appellant.
Nat Llewellyn, of Marlin, for appellee.

BLAIR, J. This is an appeal from an adverse judgment against appellant upon his suit for recovery on a promissory note.

[1] Appellant sued upon a note and asked for a foreclosure of a mortgage lien on one span of mules. The appellee answered that he had delivered appellant certain cotton, with the request that he apply the same to the payment of the mule note first, and that the cotton was worth more than enough to pay same. Appellant replied that he had a lien upon the cotton as landlord for rents, and by a certain written contract owned the cotton delivered to him by appellee; that he did not waive his landlord's lien, and did not agree to apply the cotton to the payment of the note sued upon.

The jury found upon the issue submitted to them as to whether Bonner instructed Allen to apply the cotton to the note sued upon "that the cotton was delivered for application to the note." Based upon the jury's verdict, the trial court entered judgment that appellant take nothing by his suit. Appellant's motion for a new trial was overruled, to which he excepted, and here now presents his case in due form to this court for its determination.

The proof shows that Frank Folco had rented from Mrs. Jones certain lands, and with her consent, through her son-in-law and agent, Lee Allen, had allowed Folco to sublease 50 acres of the land so rented to appellee, and that Folco had taken a note from appellee, secured by lien on the mules and also on all the cotton raised upon the premises so rented to appellee; also that Folco had entered into a written contract to pay as rent for the lands of Mrs. Jones the first 50 bales of cotton raised on said farm.

Both these contracts were assigned to appellant. Appellee delivered appellant 6 bales of lint cotton and 275 pounds of seed cotton, and at the time of delivery requested appellant to apply the same to the payment of the note herein sued upon, which, in addition to the cotton, was secured by a mortgage on a pair of mules. Appellant, so far as the record shows, accepted the cotton from appellee without objection or comment. The rental contract between Folco and appellant contained the following clause relative to rents:

"And the said Frank Folco hereby binds and obligates himself to pay as annual rent for said premises fifty bales of lint cotton, of the average weight of 500 pounds, the same to be the first cotton each year picked and gathered on said premises; said rent to be due and payable on the 1st of October of each year, or as the crops are gathered thereon, and to be delivered in bales to the order of said lessor, at Marlin, Texas."

The trial court seems to have tried this case under the proposition of law that appellee owed appellant two debts, one secured by a superior landlord's lien, and the other by a mortgage lien on the same cotton, the mortgage containing the further security of the two mules in question, and that, appellee having delivered the cotton to appellant, with instructions to apply the proceeds upon a certain designated debt, the landlord, appellant herein, having accepted the same without comment or objection, was presumed to have agreed thereto.

We are of the opinion that, if such were the facts as presented by the record in this case, the judgment rendered would probably be correct; but we do not find the record to present such state of facts; that is, we find the record presents another state of facts upon which appellant can and should recover in this case.

[2] Under the terms of the above lease contract between appellant and Folco, the appellant not only acquired a landlord's lien for the rents, but by the express terms of the contract, he became the owner of the title to the first 50 bales of cotton raised on the Mrs. Jones farm for the year in question. A contract which provides for the delivery in bales of the first 50 bales gathered on the premises to the lessor, at a certain place and at a certain date each year, is not only one for the payment of rentals, thereby giving the landlord a statutory landlord's lien for his rents, but he becomes, by reason of the terms of the contract, the owner thereof so soon as the cotton is severed from the soil. The uncontroverted testimony in this case is that, at the time the 5 bales of cotton were delivered to appellant by appellee, he had not received 50 bales of cotton from the Mrs. Jones farm that year, as per the terms of the cotton contract, and that it took the 5 bales

of the cotton in question to complete the payment of his rents under the contract. Appellee would not have the right to direct the application of 5 of these bales, for the simple reason that he did not own them. Horseley v. Moss, 5 Tex. Civ. App. 341, 23 S. W. 1116; Marrs v. Lumpkins, 22 Tex Civ. App. 448, 54 S. W. 776.

[3] We are of the opinion that Charlie Bonner as a subtenant became liable to appellant upon this contract. A sublessee or subtenant is liable to the landlord on an express contract of the original lessee, from whom he rented, for the payment of rents, even though he was ignorant of the terms of said express contract, or even though he did not know of its existence. Smith v. Roberts (Tex. Civ. App.) 218 S. W. 27; Cauble v. Hanson (Tex. Civ. App.) 224 S. W. 922. We therefore must conclude that the court erred in failing to take into consideration the original contract whereby appellant became the owner of the first 50 bales of cotton in bales raised upon the farm of Mrs. Jones, and the subtenant cannot be heard to complain, since no agreement is shown whereby he was to be substituted for the original tenant from whom he rented. This is true in so far as it affects the first 5 bales of cotton delivered by him to appellant. The proof shows that appellant had not received his full 50 bales at this time, and that in the settlement of the rents these 5 bales were necessary to fulfill the contract with appellant.

We are of the opinion that as to the sixth bale of cotton, and the 275 pounds of seed cotton delivered by appellee to appellant, appellant should have applied the proceeds to the payment of the note herein sued upon, since the proceeds of the sale of mortgaged property cannot be applied to the payment of debts not covered by the mortgage, without the consent of the debtor. Appellee is also entitled to this credit upon his request that it be so applied. Howard v. Schwartz, 22 Tex. Civ. App. 400, 55 S. W. 348; Ward v. Marion County 26 Tex. Civ. App. 361, 62 S. W. 557, 63 S. W. 155; Eylar v. Reed, 60 Tex. 387; Jenkins v. Morgan (Tex. Civ. App.) 187 S. W. 1091.

We are therefore of the opinion that this case must be reversed and remanded, with instruction that the trial court enter judgment for appellant for the amount of the note sued upon, principal, interest, and attorney's fees, and for a foreclosure of his mortgage lien upon the personal property described therein, and that said note be credited with the amount of the value of the one bale of lint cotton and the 275 pounds of seed cotton as of date of its delivery by appellee to appellant, the value of the same to be determined by the jury, and that appellant recover his costs.

Reversed and remanded, with instructions.