## FIRST NAT. BANK IN BARTLESVILLE v. BELL.

No. 19105. Opinion Filed Sept. 24, 1929.

Rehearing Denied Nov. 19, 1929.

Rowland & Talbott, for plaintiff in error.

Edward Dewes Oldfield, for defendant in error.

HERR, C. This is a suit on a promissory note originally brought in the district court of Oklahoma county by the First National Bank in Bartlesville against S. E. Bell to recover the sum of $7,904.05, with interest thereon at 8 per cent. from the 1st day of September, 1922, and 10 per cent. attorney's fee. The note sued on bears date of September 1, 1922, and, omitting the date line. is as follows:

"On demand, and if no demand is made, then on Dec. 1, 1922, I, we, or either of us promise to pay to the order of First National Bank in Bartlesville at its office in Bartlesville, Oklahoma, Seventy-Nine Hundred Four and 05-100 _____Dollars for value received, with interest from date at the rate of eight per cent. per annum. * * * Due Dec. 1, 1922."

Suit was commenced on the note September 27, 1927. The amended petition on which the case was tried contained allegations usually set forth in such actions, and, in addition thereto, alleged that no demand for payment was made prior to December 1, 1922. A copy of the note was attached to the petition, as an exhibit, and made a part thereof.

Defendant demurred to the petition on the ground that the same showed on its face that the plaintiff's cause of action was barred by the statute of limitations. Sec. 185,, subd. 1, C. S. 1921. The trial court sustained the demurrer and rendered judgment in favor of defendant. Plaintiff appeals.

It is the contention of defendant that the note in question is a demand note, and by its terms became due and payable immediately upon its execution and delivery, and that the statute, therefore, began to run against the same from the date thereof; and in support thereof cites the following authorities: Dawley v. Wheeler, 52 Vt. 574; Young v. Western, 39 Me. 492; Knapp v. Greene, 29 N. Y. S. 350; North American Trading & Transportation Co. v. Byrne, 4 Alaska, 26. These cases all hold that a note made payable on demand on or after a certain day and date therein mentioned is a demand note and becomes due and payable immediately upon its execution and delivery; that the statute of limitations begins to run against such note from the date thereof; and that no preliminary demand is necessary to authorize action thereon.

We have no quarrel with these cases. We agree with the rule therein announced, but that rule has no application to the case at bar. Here the parties, by express language contained in the note, make a demand a condition precedent, in order to mature the note prior to December 1, 1922. Therefore, in the absence of a prior demand,

the statute of limitations did not begin to run against the same until that date.

37 C. J. 818, anounces the following rule:

"A loan of money payable on demand creates a present debt, and the statute of limitation begins to run against the lender from the date of the loan. But the parties may so frame their contract as to make a preliminary demand a prerequisite to a right of action, and in such a case the statute does not begin to run until payment is demanded and refused."

In the case of Brown v. Brown (Minn.) 11 N. W. 64, it is said:

"Where a loan of a sum of money was made upon the terms and conditions that the debt therefor should become due and payable, with interest, whenever the party making the loan should thereafter demand the same, and not before such time, held, that a demand of payment was part of this contract and a condition precedent to the liability to repay the money, and that the statute of limitations began to run from the date of the demand, and not from the date of contract."

In the case of Sullivan v. Ellis, 219 Fed. 694, in paragraph 1 of the syllabus, the following rule is announced:

"With reference to commercial paper payable on demand, limitations begin to run from the date of the paper; but the rule does not apply if there is anything in the paper, or the circumstances under which it was given, showing that it was not the intention that it should become due immediately."

See, also, Citizens Bank of Los Angeles v. Jones (Cal.) 53 Pac. 354.

If the note in the instant case had read "On demand, on or before December 1, 1922, I promise to pay," etc., it would have been a demand note and the statute would have begun to run against the same from the date thereof; but the note does not so read. It reads: "On demand, and **if no demand is made, then** on December 1, 1922, I, we, or either of us promise to pay. * * *" So it will be seen that the note, in plain terms, makes a preliminary demand necessary in order to mature the same prior to December 1, 1922. The language used is plain and unambiguous and can convey no other meaning. The words used in the note "On demand and **if no demand is made then** on Dec. 1, 1922," amount to an express covenant and agreement that, unless a prior demand is made, the note should not mature until December 1, 1922. To hold otherwise would be to give this clause of the contract no force and effect, and would amount to a holding that this clause in the note is absolutely meaningless.

It was certainly competent for the contracting parties to make a preliminary demand necessary to the bringing of suit on the note prior to December 1, 1922. This they have expressly done. The petition alleges that no demand was made prior to December 1, 1922. If this allegation of the petition be true, plaintiff's cause of action was not barred. The demurrer should have been overruled.

Judgment should be reversed, and the cause remanded, with directions to overrule the demurrer, and for further proceedings not inconsistent with the views here expressed.

BENNETT, JEFFREY, LEACH, FOSTER, and REID, Commissioners, concur.

HALL, Commissioner, dissents.

By the Court: It is so ordered.