Sarah P. KNICK, Appellant,

v.

Cone B. GREEN, Appellee.

No. 5659.

Court of Civil Appeals of Texas, Waco.

Dec. 23, 1976.

Rehearing Denied Jan. 20, 1977.

Brock, Waters & Galey, Lubbock, for appellant.

Allison & Davis, Levelland, for appellee.

## OPINION

JAMES, Justice.

This is a suit on an unsecured promissory note. Trial was had to a jury. After both sides closed, pursuant to Plaintiff's motion for instructed verdict, the trial court withdrew the case from the jury and entered judgment for Plaintiff for the face amount of the note plus interest, from which judgment the Defendant appeals. We affirm.

Plaintiff-Appellee Cone B. Green filed this suit against Defendants Hockley County Equipment Co., Inc., (hereinafter called "the Company"), Jerry McMillan and Appellant Sarah P. Knick seeking to recover upon a promissory note in the principal sum of $25,000.00. Said note was payable to Green and executed by Hockley County Equipment Co., Inc. as maker, and signed by Jerry McMillan as president thereof; and thereunder a guaranty agreement was executed by Jerry McMillan and Sarah P. Knick, both individually. The language of the guaranty read: "We, the undersigned, hereby personally guarantee payment of the within stated note," and then was signed by McMillan and Knick. Summary judgment was rendered in favor of Plaintiff Green against Hockley County Equipment Co., Inc. and McMillan, from which no appeal was taken. As stated, after both Plaintiff Green and Defendant Knick closed, the trial court withdrew the case from the jury and entered a judgment for Plaintiff Green against Defendant Knick for $25,000.00 plus penalty interest as provided in said note at ten percent per annum from July 1, 1974, until the date of judgment, together with interest after judgment at the rate of nine percent per annum, and costs. From this judgment Defendant Knick appeals upon fifteen points of error.

We overrule all of Defendant-Appellant's points of error and affirm the trial court's judgment.

The note in question is dated August 2, 1971, in the principal amount of $25,000.00, bearing 8½% interest from date, with past due principal and interest bearing interest at 10% per annum, said note being payable upon demand or five years from date, or upon the death of Green, and providing for attorney's fees. It is undisputed that at or about the time of execution of said note, Green advanced the company $25,000.00 in money, and that none of the principal of said note has been paid. A short time after the note was executed and the money advanced pursuant thereto, Green transferred and assigned the note to the First National Bank of Levelland, Texas. No money or other consideration passed from the Bank to Green in connection with Green's assignment of said note to the Bank. The note thereafter remained in the possession of the Bank until February 28, 1975, at which time the Bank assigned the note back to Green, after which time Green filed this suit. Likewise, there was no consideration paid in connection with the Bank's transfer of the note back to Green.

The Company did their principal banking business with the First National Bank of Levelland, and Green was a director of said Bank. The note provided that the interest was payable monthly, and said interest amounted to $177.07 per month. From the time the note was assigned by Green to the Bank, the Bank deducted the monthly interest payments from the Company's account and credited same to Green's account, until July 1, 1974. After said last-named date, no more interest was paid upon the note, and none of the principal was ever paid.

During all periods of time pertinent hereto, the primary financing of the Company was handled by the Bank. Some time after execution of the note the Company began to fail financially, and later went completely out of business. The Company owed the Bank two notes, each secured by Deeds of Trust, totalling $270,000.00, one note being for $110,000.00 dated April 8, 1974, and one

note for $160,000.00 dated March 8, 1974. The note for $110,000.00 represented a consolidation of all notes previously carried as floor-plan notes, capital notes, and the like; whereas the $160,000.00 note represented a first lien note on the real estate owned by the Company.

Prior to the time the Company went out of business, the Bank took several steps to reduce the corporate debts. Two auction sales were held selling off the Company's personal property, the proceeds of which were applied upon the note for which the personal property was security, same being the $110,000.00 note hereinabove described. On November 5, 1974, the deed of trust (securing the $160,000.00 note) was foreclosed upon the Company's real estate. The Bank bought in the Company's real estate at $133,884.24, which amount when taken with the other prior credits was sufficient to pay off and discharge both the $110,-000.00 and the $160,000.00 notes in full. In other words, earlier deductions had reduced the amount owed on the $160,000.00 note, prior to the foreclosure on the Company's real estate. No proceeds of any of the sales or payments by the Company or the foreclosure by the Bank was applied to any personal or unsecured debt.

As stated, after the $110,000.00 note and the $160,000.00 note had been satisfied, to wit, on February 28, 1975, the unsecured $25,000.00 note in question was transferred by the Bank back to Green. No money or other consideration was given by Green to the Bank for such transfer. None of the principal had been paid to either the Bank or Green by either the Company, McMillan or Knick.

Appellant's points one through nine contend the trial court erred in withdrawing the case from the jury and entering judgment for Plaintiff, asserting that Appellant pleaded and raised fact issues in the evidence of affirmative defenses, thereby causing the instructed verdict to be improper. These affirmative defenses upon which Appellant says she offered evidence to raise fact issues are summarized as follows:

(1) Green and the Bank misapplied, mismanaged, and manipulated funds which were collateral or security for the payment of the debt on which Defendant-Appellant Knick is being sued as a guarantor;

(2) Green and the Bank were negligent in that they failed to use ordinary care resulting in a waste or loss of funds, collateral and security for the payment of the note sued upon;

(3) Green and the Bank unjustifiably impaired existing collateral for the note sued upon to the detriment of Defendant-Appellant Knick;

(4) Green and the Bank appropriated and converted a special deposit in which Knick had an interest;

(5) Green and the Bank impaired the subrogation rights of Knick against the primary obligor, the Company;

(6) Green and the Bank breached the fiduciary relationship existing between Knick, Green, and the Bank.

(7), (8) and (9) Green and the Bank are estopped because they failed to exercise diligence in efforts to collect the indebtedness from the primary obligor upon the note sued upon; that Green and the Bank failed to give notice that Plaintiff Green was seeking payment on the note sued upon, thereby causing Knick "to take action prejudicial to her"; and that Green and the Bank "are precluded from making any claims against Knick due to laches in seeking payment of the note sued upon."

■ A careful examination of the above contentions reveals that they are all without merit. All of these asserted affirmative defenses are predicated upon the assumption that the Green note in question was secured by collateral as were the other Company notes owing to the Bank which were discharged by the auction sales of the Company's personal property and foreclosure upon the Company's real estate as hereinabove described. But this is simply not the case. The Green note was clearly and unmistakable an unsecured note. The Bank's action in applying the auction sale and foreclosure proceeds to pay off and

satisfy the $110,000.00 and $160,000.00 secured notes was entirely proper. Indeed, had the Bank applied this money to pay off any notes not secured by the mortgage instruments, such action would have been improper. That is to say, proceeds of sale of mortgaged property cannot be applied to the payment of a debt not covered by the mortgage, without the consent of the debtor. *Howard v. Schwartz* (1900), 22 Tex.Civ. App. 400, 55 S.W. 348, no writ.

■ The evidence is undisputed, and the Appellant has admitted that Green proved up a promissory demand note in the amount of $25,000.00, that the note was in default, that Defendant-Appellant Knick signed the note personally guaranteeing payment, and that no notice of default must be given such guarantor. A guarantor who enters into a guaranty providing that he unqualifiedly guarantees payment, as did Mrs. Knick here, becomes liable as the original obligor. See Article 3.416, Texas Bus. and Comm. Code, and comment thereunder; *Rice v. Travelers Express Co.* (Houston, Tex.Civ. App., 1966) 407 S.W.2d 534, 536, no writ, and the authorities therein cited.

■ The evidence may have been conflicting as to whether Knick received notice that Green was seeking payment prior to his filing suit; however, this raises no fact issue or affirmative defense. This being a demand note, it was actionable immediately without demand. *Henry v. Roe* (1892) 83 Tex. 446, 18 S.W. 806; *Donald v. Bennett* (Fort Worth, Tex.Civ.App., 1967) 415 S.W.2d 450, NRE; *Davis v. Dennis* (Tyler, Tex.Civ.App., 1969) 448 S.W.2d 495, 497, no writ; 9 Tex.Jur. 2, "Bills and Notes," par. 62, p. 70. This demand provision, along with the guaranty of payment, is a waiver of not only presentment, notice of dishonor and protest, but also demand upon the maker. Thus, notice that Green was seeking payment was not required and no issue of estoppel is raised. Moreover, there was no evidence that the alleged failure of notice *caused* Mrs. Knick to take any actions at all, much less any actions prejudicial to her. Likewise, there was no evidence raising the issue of laches, nor was there any evidence of any lack of diligence on the part of Green or the Bank in attempting to collect this indebtedness. There is no evidence raising a fiduciary relationship between Green and the Bank on the one hand, and Mrs. Knick on the other. In short, there is no evidence in the record that raised any fact issue concerning any affirmative or other defense.

■ Appellant's remaining points (ten through fifteen) assert error of the trial court in sustaining Plaintiff's Motion in Limine, wherein the trial court prohibited Defendant-Appellant from offering certain testimony not necessary to detail here. We overrule these points, because Appellant has brought forward no record showing what the excluded evidence would have been.

Error is not shown in the exclusion of evidence unless the Appellant brings before the appellate court a record that shows clearly, by bill of exceptions or otherwise, not only what the evidence would have been if admitted, but also its relevancy. *Merrifield v. Seyferth* (Dallas, Tex.Civ. App., 1966) 408 S.W.2d 558, 562, no writ; *Central Power & Light Co. v. Martinez* (Corpus Christi, Tex.Civ.App., 1973) 493 S.W.2d 903, 906, no writ. Also see Rule 372, Texas Rules of Civil Procedure; *Hartford Accident & Indemnity Co. v. McCardell* (Tex.1963) 369 S.W.2d 331, 335; *Johnson v. Reed* (Dallas, Tex.Civ.App., 1971) 464 S.W.2d 689, NRE, certiorari denied, 405 U.S. 981, 92 S.Ct. 1197, 31 L.Ed.2d 256.

Finding no reversible error in the record, we affirm the trial court's judgment.

AFFIRMED.