Richard F. LOOMIS, Jr., Appellant,

v.

**REPUBLIC NATIONAL BANK OF DALLAS, Appellee.**

No. 05–82–00082–CV.

Court of Appeals of Texas, Dallas.

May 2, 1983.

Rehearing Denied June 6, 1983.

Richard F. Loomis, Dallas, for appellant.

Raymond E. Ladriere, II, Dallas, for appellee.

Before ROBERTSON, CARVER and ALLEN, JJ.

ALLEN, Justice.

Richard F. Loomis, Jr., appellant, executed an installment promissory note in the principal sum of $37,558.82 in favor of Republic National Bank of Dallas on July 30, 1976. The note was payable in monthly installments of $1,000.00 until maturity of the note at which time the remaining balance would be due. The note provided for a maturity date of January 31, 1977, and for attorneys' fees of ten percent of the unpaid balance in the event it was necessary to place the note in the hands of an attorney for collection. Appellant failed to pay the note at its maturity on January 31, 1977. Republic made repeated demands for payment and received no response. Republic filed suit on January 28, 1981, to recover the monies owed. Loomis pleaded the statute of limitations as a bar to Republic's recovery on the note.

In August of 1981, Republic filed a motion for summary judgment. In support of the motion, Republic also filed the affidavit of Mr. George Peters, a vice-president of Republic. Peters swore that: (1) a true and correct copy of the promissory note that appellant executed was attached to the affidavit; (2) the note was currently owned by and in the possession of Republic; (3) the note matured on January 31, 1977; (4) Republic demanded payment, but appellant failed to pay; and (5) appellant owed Republic $40,512.93 with interest accumulating at $7.59 per day.

On the day of the hearing on the summary judgment motion, appellant filed a response and affidavit in opposition to the motion. He did not, however, deny any of the five above-mentioned facts. After reviewing the summary judgment evidence and hearing the arguments of counsel, the district court granted summary judgment in favor of Republic for the sum of $40,-854.48, plus attorneys' fees in the amount of $4,085.45.

In his first point of error, appellant urges that Republic's suit is barred by the four year statute of limitations. Specifically, appellant argues that this is a demand note and that limitations ran on July 30, 1980, four years after the note date. Therefore, our first consideration is whether Republic's cause of action is barred by the four year statute of limitations.

■ The note is dated July 30, 1976, and provides that it is payable "on demand or if no demand be made 1–31–77." Republic filed suit on January 28, 1981, four years and six months after the note date. It is axiomatic that the four year statute of limitations is applicable to a suit on a promissory note. *Roper v. Jeoffroy Mfg.*, 535 S.W.2d 706, 707 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.). The statute of limitations begins to run on a demand note on the date of making, *Seaman v. Seaman*, 425 S.W.2d 339, 342 (Tex.1968), unless demand is a condition precedent to suit on the note, in which case limitations begin to run on the date of demand. *See Godde v. Wood*, 509 S.W.2d 435, 443 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).[1]

On the other hand, if the note is payable at a definite time, limitation begins to run at the maturity of the note. Our inquiry then is whether this is a demand note. If it is, Republic's suit was barred by limitations. *See Davis v. Dennis*, 448 S.W.2d 495, 498 (Tex.Civ.App.—Tyler 1969, no writ).

■ Counsel has cited no Texas case, and we have found none, which deals with the issue here presented. We have, however, referred to authority from other jurisdictions which supports Republic's position that this is not a demand note. In the words of the Supreme Court of Oklahoma:

If the note in the instant case had read, "on demand, on or before December 1, 1922, I promise to pay," etc., it would have been a demand note, and the statute would have begun to run against the same from the date thereof; but the note does not so read. It reads: "On demand, and, *if no demand is made,* then on Dec.

---

1. The note expressly provided that "each maker ... waives demand, presentment, notice of dishonor, and protest." Therefore, demand was not a condition precedent to suit on the note after maturity.

1, 1922, I, we, or either of us promise to pay. * * * " So it will be seen that the note, in plain terms, makes a preliminary demand necessary in order to mature the same prior to December 1, 1922. The language used is plain and unambiguous, and can convey no other meaning. The words used in the note, "On demand, and, *if no demand is made,* then on Dec. 1, 1922," amount to an express covenant and agreement that, unless a prior demand is made, the note should not mature until December 1, 1922. To hold otherwise would be to give this clause of the contract no force and effect, and would amount to a holding that this clause in the note is absolutely meaningless.

*First National Bank v. Bell,* 140 Okl. 24, 282 P. 147, 148–49 (1929). We believe this to be a sound rule and point out that the note itself is consistent with this construction insofar as the waiver of demand provision is inconsistent with a conclusion that this was a demand note. We construe the note to mean that it was due on January 31, 1977, unless a prior demand had been made. In the event that no demand was made prior to January 31, 1977, the note provides that demand was waived. We hold that the note matured on January 31, 1977, and that suit was brought thereon within the four year statute of limitations. Appellant's first point of error is overruled.

In his second and third points of error, appellant complains that the trial court erred by granting Republic's motion for summary judgment because the evidence was insufficient and because there were genuine issues of material fact. In his brief, however, appellant simply reviews the current status of the law of summary judgments and concludes that the original note or certified copy thereof was not attached to the motion for summary judgment. We believe that the evidence was sufficient and that Republic complied with the requirements of Tex.R.Civ.P. 166–A.

■ It is elementary that when a plaintiff moves for summary judgment, he accepts the burden of establishing that no genuine issues exist as to any material facts, and that he is entitled to judgment as a matter of law as to the theory of recovery for which he seeks summary judgment. *Town North National Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978).

■ In reviewing a summary judgment record, this court must apply the following rules: 1) the movant for summary judgment must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; 2) evidence favorable to the non-movant will be taken as true; 3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Wilcox v. St. Mary's University,* 531 S.W.2d 589, 592–93 (Tex.1975). Although a motion for summary judgment does not shift the burden of proof imposed by the parties' pleadings, *Cloyd v. Champion Home Builders Co.,* 615 S.W.2d 269, 271 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e.), every reasonable inference is indulged in favor of the non-movant. Therefore, we must determine whether Republic established its right to recover as a matter of law.

■ The sworn testimony in the affidavit of Mr. Peters indicates the following: 1) appellant executed a promissory note payable to Republic, a true and correct copy of which was attached to the affidavit; 2) the note was owned by and in the possession of Republic; 3) the maturity date of the note was January 31, 1977; 4) appellant defaulted on the note and, despite demands, failed to pay the amount owing; and 5) appellant owed principal and interest in an amount of $40,512.93 as of August 28, 1981, with interest continuing to accumulate in an amount of $7.59 per day. This evidence was sufficient to prove Republic's case. *See Pine v. Gibraltar Savings Association,* 427 S.W.2d 714, 718 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ). *See also Texas National Corp. v. United Systems International, Inc.,* 493 S.W.2d 738, 740–41 (Tex.1973).

■ With regard to the alleged defect in Republic's motion, it should be noted that the appellant waived any defect by his fail-

ure to complain of it in the trial court. Additionally, even if appellant had objected, we find no error. In *Life Insurance Co. v. Gar-Dal, Inc.,* 570 S.W.2d 378, 380 (Tex. 1978), the court held that a sworn statement and attached copy of a note is a "sworn copy" exactly in compliance with Rule 166–A. Appellant's second and third points of error are overruled.

 In his fourth ground of error, appellant argues that the trial court erred by awarding attorneys' fees without any evidence supporting the award. The note provides, however, that attorneys' fees of 10% would be paid in the event that the note was placed in the hands of an attorney for collection. The trial court did not err by holding the parties to their contract. *Fisher v. Howard,* 389 S.W.2d 482, 487–88 (Tex. Civ.App.—Dallas 1965, no writ).

In his fifth point of error, appellant contends that the trial court committed reversible error by refusing to grant sanctions against Republic for failing to send a copy of the affidavit of Mr. Peters to appellant. While appellant admits receiving a copy of Republic's motion for summary judgment, he argues that he did not receive a copy of the supporting affidavit. Apparently, no hearing was held on appellant's motion to impose sanctions. Even if the court had held a hearing, however, appellant admits that Tex.R.Civ.P. 73 "gives the court wide discretion." We conclude that the court did not err by failing to impose sanctions. It is clear that appellant was not harmed by Republic's failure to furnish him with a copy of Mr. Peter's affidavit. Indeed, the transcript shows that the affidavit was attached to Republic's motion for summary judgment filed with the district clerk. While it was Republic's duty to furnish appellant with a copy of this affidavit, the motion refers to the affidavit attached, and appellant need only have requested a copy from the district clerk. We cannot say that the trial court abused its discretion by failing to impose sanctions on Republic. *See generally Hankins v. Haffa,* 469 S.W.2d 733, 737–38 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). *Accord, Texas Employers' In-*

surance *Association v. Meyer,* 620 S.W.2d 179, 180 (Tex.Civ.App.—Waco 1981, no writ). Appellant's fifth ground of error is overruled and the judgment is affirmed.