**STAVERT PROPERTIES, INC., Joseph Akeroyd, and Associated Haulers, Inc., Appellants,**

v.

**REPUBLICBANK OF NORTHERN HILLS, Appellee.**

No. 04–83–00603–CV.

Court of Appeals of Texas, San Antonio.

Sept. 11, 1985.

Rehearing Denied Sept. 20, 1985.

Earle Cobb, Jr., San Antonio, for appellants.

James E. Ingram, McCamish, Ingram, Martin & Brown, and William C. Church, Jr., Kampmann & Church, San Antonio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

OPINION

TIJERINA, Justice.

The original suit sought to collect a deficiency of over $20,000.00 remaining on a promissory note executed by appellant Stavert Properties as principal obligor and appellants Joseph Akeroyd and Associated Haulers, Inc., as guarantors. Appellants filed a cross-action seeking damages for breach of a contract to extend the note for 180 days, for deceptive trade practices and for fraudulent and wrongful non-judicial foreclosure. At the close of the evidence, the court granted an instructed verdict for the deficiency on the promissory note. The jury answers to the submitted special issues were favorable to appellant; however, the court, on motion by appellee, rendered judgment *non obstante veredicto.*

Appellant Stavert Properties, Inc. executed a promissory note for $171,404.10 on April 19, 1982, payable to appellee bank at a rate of $3,000.00 a month. Certain pieces of property were pledged as security; additionally, the note was guaranteed by appellant Akeroyd. In June and July 1982, appellants defaulted on their monthly payment; there was a foreclosure on one of the properties pledged to the first lien holder and the other properties pledged as security were similarly facing foreclosure. The parties met on July 7, 1982 and tentatively agreed to extend the note if appellants made another guaranty agreement and pledged additional security. On July 9, 1982, appellant Akeroyd executed a personal guaranty contract and a guaranty contract by Associated Haulers, Inc.; he additionally pledged seventy-five percent of the stock of Associated Haulers, Inc. Appellee Bank agreed to an extension on the payment of the note; the new document provided that the note was payable "on demand or 180 days from date hereof."

Appellee Bank was placed on notice that the first lien holders were in the process of accelerating a defaulted note and planned to foreclose on the property pledged to secure appellant's note at issue. Appellee was unable to negotiate a settlement with the first lien holders. Subsequently, appel-

lant's attorney notified the bank that they would take no action to prevent the foreclosure. Thereafter, the bank foreclosed on the guaranty agreement, taking all the bank deposits of Akeroyd and Associated Haulers, Inc. There remained a deficiency of $20,000.00.

Appellants assign as error: (1) the denial of appellant's first amended motion for judgment on the cross-action and the granting of the judgment *non obstante veredicto;* (2) that no demand had been made and the Stavert note was not in default at the time of the non-judicial foreclosure; (3) that the bank was bound by the oral agreement to extend the note for 180 days; (4) that the jury findings required judgment in favor of appellant Akeroyd; (5) that the additional security pledged and the extension agreement were obtained by fraud, conflict of interest, promissory estoppel, failure of consideration and unconscionability; (6) that the proper construction of the language "on demand or in 180 days" should mean "180 days"; and (7) that the foreclosure without demand was unconscionable and a deceptive trade practice. Appellants have grouped their brief into four arguments.

■ In reviewing a judgment *non obstante veredicto* the appellate court must consider all the evidence favorable to the party against whom the judgment was granted, and every reasonable intendment deducible from the evidence is to be indulged in such party's favor. *Coffee v. F.W. Woolworth Co.,* 536 S.W.2d 539, 541 (Tex.1976); *Duren v. U.S. Fire Insurance Co.,* 579 S.W.2d 32, 35 (Tex.Civ.App.—Tyler 1979, no writ). To sustain the granting of a motion for judgment *non obstante veredicto* it must be determined that there was no evidence to support the jury findings on the special issues. *San Antonio Independent School District v. National Bank of Commerce of San Antonio,* 626 S.W.2d 794, 795 (Tex.App.—San Antonio 1981, no writ).

The special issues answered by the jury were:

SPECIAL ISSUE NO. 1:
Do you find from a preponderance of the evidence that on or about July 7, 1982, Republicbank orally agreed to extend the Stavert note for 180 days?
Answer 'Yes' or 'No.'
We, the jury, answer: Yes

SPECIAL ISSUE NO. 2:
Do you find from a preponderance of the evidence that Joe Akeroyd relied upon the Extension Agreement of on or about July 7, 1982, in pledging his business?
Answer 'Yes' or 'No.'
We, the jury, answer: Yes

SPECIAL ISSUE NO. 3:
Do you find from a preponderance of the evidence that Republicbank agreed to purchase or settle the foreclosure on the Babcock properties?
Answer 'Yes' or 'No.'
We, the jury, answer: No

SPECIAL ISSUE NO. 4:
What amount of money if paid now in cash would fairly and reasonably compensate Joe Akeroyd for the loss, if any, resulting from the foreclosure?
Answer by stating an amount or zero in dollars and cents.
We, the jury, answer: $96,578.94

SPECIAL ISSUE NO. 5:
What amount of money if paid now in cash should be awarded as exemplary damages for the taking of the bank account without prior notice?
Answer by stating an amount or zero dollars and cents.
We, the jury, answer: $40,421.60

■ Appellants first assert that the oral agreement should be enforced. Although the jury found that there had been an oral agreement on July 7th to extend the note for 180 days, the July 9th written agreement states that it is due and payable "on demand or 180 days from date hereof." Thus, the subsequent written agreement is in conflict with the oral agreement. In the absence of fraud, accident or mistake, the parol evidence rule prohibits the contradiction of final written expressions by evi-

dence of a prior or contemporaneous agreement. *Hobbs Trailers v. J.T. Arnett Grain Co.*, 560 S.W.2d 85, 87 (Tex.1977); *Hubacek v. Ennis State Bank*, 159 Tex. 166, 317 S.W.2d 30, 32 (1958); *Delta Enterprises v. Gage*, 555 S.W.2d 555, 557–58 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.). Although appellants have urged they should recover on the basis of fraud, there were no special issues on which such a judgment could be based. Since no other exceptions to the parol evidence rule are applicable, any evidence regarding the oral agreement was without probative force. *Ross & Sensibaugh v. McLelland*, 262 S.W.2d 205, 209 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n.r.e.). Therefore, the jury's affirmative response to special issue number one must be disregarded because there is no competent evidence to support it; special issue number two then becomes irrelevant. Points of error 1, 3(b) and 4 are overruled.

In their second argument, appellants urge that the written extension agreement should be construed to avoid a forfeiture. The note executed on July 9th, payable "on demand or 180 days," was a demand note. *Conte v. Greater Houston Bank*, 641 S.W.2d 411, 418 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). A demand note is due from the moment of execution and actionable immediately without demand. *Knick v. Green*, 545 S.W.2d 269, 272 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.); *Davis v. Dennis*, 448 S.W.2d 495, 497 (Tex.Civ.App.—Tyler 1969, no writ).

Appellant argues that appellee's failure to make demand was a breach of the contract between appellant and appellee, citing *Loomis v. Republic National Bank*, 653 S.W.2d 75 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). In *Loomis*, the court adopted the reasoning of the Ohio Supreme Court with regard to a note which was due "on demand, *and if no demand is made*, then on Dec. 1, 1922." (Emphasis added by Ohio court). The court interpreted the language "and if no demand is made" as an express covenant that the note would not mature until the agreed date unless a prior demand was made. Because the words which were determinative in *Loomis* are not present in the written agreement between appellant and appellee, *Loomis* is not controlling. Appellee's failure to make demand was not a breach of contract.

Additionally, appellants waived demand and notice both in the note and in the guaranty agreements. Pertinent portions of the documents executed by appellants are as follows:

> Each maker, surety and endorser of this note expressly waives all notices, demands for payment presentations for payments, notices of intention to accelerate to maturity, protest and notice of protest, as to this note and as to each, every and all installments hereof.

(Real Estate Lien Note, April 19, 1982).

> [The] undersigned further agrees that all terms and provisions of said original note and of the instrument or instruments creating or fixing the liens securing the same shall be and remain in full force and effect as therein written, except as otherwise expressly provided herein.

(Extension of Note and Lien, July 9, 1982).

> REPUBLICBANK NORTHERN HILLS may, without demand or notice of any kind, at any time when amount shall be due and payable hereunder by Guarantor, appropriate and apply toward the payment of such amount, and in such order of application as REPUBLICBANK NORTHERN HILLS may elect, any property, balances, credits, deposits, accounts or monies of the Guarantor in the possession and control of REPUBLICBANK NORTHERN HILLS.

(Guarantee agreements signed by appellant individually and for Associated Haulers, Inc., July 9, 1982). Therefore, neither the failure to make demand on the note nor the failure to give notice to the guarantor are actionable. Points of error 2, 3(a), 3(c), 3(f) and 5 are overruled.

In their third argument, appellants urge that they should recover on the

basis of fraud, DTPA, and impairment of collateral; however, the special issues fail to establish any of these causes of action. None of these claims were proved as a matter of law; appellants have, therefore, waived them by their failure to request appropriate special issues. *Akin v. Dahl*, 661 S.W.2d 911, 913 (Tex.1983); TEX.R. CIV.P. 279. Appellants also contend that they are entitled to recover on the basis of promissory estoppel, but promissory estoppel will not circumvent the parole evidence rule. *Joseph v. Mahoney Corp.*, 367 S.W.2d 213, 215 (Tex.Civ.App.—Austin 1963, writ ref'd n.r.e.). As a result, there is no competent evidence regarding the prior oral agreement. Points of error 3(a), 3(d), 3(e), 3(g), and 4 are overruled.

Finally, appellants argue that the trial court erred in not entering judgment for appellants in the amount of damages found by the jury. As discussed above, appellants have failed to demonstrate any right of recovery. Point of error six is overruled.

The judgment of the trial court is affirmed.

CANTU, J., concurs without opinion.