Mary Harp SHANKLES, Independent Executrix of the Estate of Douglas L. Shankles, Deceased, and David McNees, Substitute Trustee, Appellants

v.

Lisa Merle SHANKLES, Carolyn Courtney Shankles, Karla Marguerite Shankles, and Kathryn Anne Shankles, a/k/a Lisa M. Henserling, Carolyn C. Vines, Karla M. Shankles, and Kathryn A. Walterscheid, Appellees.

No. 05–05–00381–CV.

Court of Appeals of Texas, Dallas.

July 7, 2006.

David N. McNees, Law Office of David N. McNees, Sherman, for Appellant.

Luke Motley, IV, Sanders, O'Hanlon & Motley, P.L.L.C., and James C. Tidwell, Wolfe, Tidwell & McCoy, LLP, Sherman, for Appellee.

Before Justices MORRIS, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice BRIDGES.

Mary Harp Shankles, independent executrix of the estate of Douglas L. Shankles, deceased, and David McNees, substitute trustee, appeal the trial court's denial of their motion for summary judgment and summary judgment in favor of Lisa Merle Shankles, Carolyn Courtney Shankles, Karla Marguerite Shankles, and Kathryn Anne Shankles, a/k/a Lisa M. Henserling, Carolyn C. Vines, Karla M. Shankles, and Kathryn A. Walterscheid. In two issues, appellants argue the trial court erred in concluding the underlying promissory note and the deed of trust securing it were barred by the statute of limitations and in awarding attorney's fees and costs to appellees. We affirm the trial court's judgment.

On May 14, 1986, appellees executed a "Real Estate Lien Note" listing their father, Douglas L. Shankles, as payee, secured by a deed of trust executed the same day. The note provided it was payable on demand. In July 2004, appellants, as executors of Shankles' estate, made demand upon appellees to pay the note. Appellees sought a declaratory judgment that the note was void and an order extinguishing the lien on appellees' property. Both appellants and appellees subsequently filed motions for summary judgment. The trial court granted appellees' motion and signed an order declaring the 1986 note and deed of trust void and unenforceable, awarding appellees court costs and attorney's fees, and denying appellants' motion. This appeal followed.

 In their first issue, appellants argue the trial court erred in concluding as a matter of law that the 1986 note and deed of trust were barred by the statute of limitations. A four-year statute of limitations applies to a suit on a promissory note. TEX. CIV. PRAC. & REM.CODE ANN. § 16.035 (Vernon 2002); *Loomis v. Republic Nat'l Bank of Dallas,* 653 S.W.2d 75, 77 (Tex.App.-Dallas 1983, writ ref'd n.r.e.). The statute of limitations begins to run on a demand note on the date of making. *Loomis,* 653 S.W.2d at 77. The only item listed on the 1986 note under "Terms of Payment" is "ON DEMAND." We conclude the note at issue was therefore an "on demand" note, and the four-year statute of limitations applies. Thus, appellants' demand upon appellees to pay the note nearly eighteen years after origination was barred by limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.035 (Vernon 2002); *Loomis,* 653 S.W.2d at 77. Accordingly, the trial court did not err in entering its judgment declaring the note to be unenforceable as a matter of law. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.035 (Vernon 2002); *Loomis,* 653 S.W.2d at 77. We overrule appellants' first issue.

 In their second issue, appellants argue the trial court erred in awarding appellees' court costs and attorney's fees. The Declaratory Judgment Act provides that a court may award costs and reasonable attorney's fees as are equitable and just. TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997). The trial court's decision concerning the grant or denial of attorney's fees in a declaratory judgment action will not be reversed on appeal absent a clear showing of an abuse of discretion. *Knighton v. Int'l Bus. Mach. Corp.,* 856 S.W.2d 206, 210 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Appellants do not claim that the amount of costs and attorney's fees awarded in this case, $5800, was inequitable or unjust. Instead, appellants argue there should have been no award of costs and attorney's fees. Under the circumstances of this case, we cannot conclude the trial court abused its discretion in awarding appellees $5800 in costs

and attorney's fees. We overrule appellants' second issue. In a "Cross Issue I," appellees request remand for further consideration of the attorney's fees issue in the event that this Court reverses the trial court's judgment regarding attorney's fees. Because we affirm the trial court's award of attorney's fees, we need not further address this cross issue.

We affirm the trial court's judgment.